## In the Matter of the Application of John A. Holmes for Leave to Issue Execution.

Under the provision of the Code of Civil Procedure (§ 1251), limiting the lien upon real estate of an execution to ten years after filing the judgment-roll, and that declaring (§ 1255) that the time during which the judgment creditor is stayed by express provision of law from enforcing his judgment is not a part of the ten years, as it is also provided (§ 1380) that no execution can issue to enforce a judgment which is a lien upon the real estate of a deceased judgment debtor until one year after his death, that year cannot be counted as part of the ten years, and the lien of the judgment continues for eleven years.

So, also, as under the provision (§ 1380) requiring an order of the court granting leave to issue execution upon a judgment which was a lien upon property of a deceased judgment debtor, it is provided that when the judgment debtor died intestate, and no letters of administration upon his estate have been issued, an order granting leave shall not be granted until three years after his death, the three years is no part of the ten years' limitation.

The exception in said provision declaring it not to be applicable to real estate conveyed by the deceased judgment debtor, "if such conveyance was made in fraud of his creditors," and authorizing the judgment creditor, against whose judgment said conveyance has been "declared fraudulent by the judgment" of a court having jurisdiction, to enforce his judgment against the real estate at any time and without leave of the court, the same as if the judgment debtor was living, applies only to a case where the deed has been adjudged fraudulent.

On motion made November 11. 1890, for leave to issue execution on a judgment recovered October 26, 1880, it appeared that B., the judgment debtor, died intestate in 1881, and that no administrator of his estate had been appointed. It was alleged in the moving papers that said debtor, prior to his death, executed and put on record a deed of certain real estate, which was not delivered, or, if delivered, was fraudulent and void as to creditors. *Held*, that the motion was properly granted; that it was not necessary, for the purposes of the motion, to adjudicate either that the deed was not delivered or was fraudulent; that the court could, upon allegations and proofs tending in that direction, assume that one or the other claim was well founded; that thus assuming the property belonged to B. at his death, and the judgment was a lien thereon at the time of making the motion.

Reported below, 59 Hun, 369.

(Argued January 20, 1892; decided February 2, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 16, 1891, which reversed an order of Special Term, denying a motion for an order to issue execution and granted said motion.

The facts, so far as material, are stated in the opinion.

*David Thornton* for appellant. The application having been made by petition, and not by affidavit, is irregular, and the order made therein is void, unless this irregularity was expressly waived, which was not done. (Code Civ. Pro. § 1381.) The judgment herein referred to having been recovered nearly seven years after the conveyance of the property by Boyle to Little, could not be, is not, and never was a lien thereon. (Code Civ. Pro. §§ 1251, 1380.) The lien of the judgment did not exist at the time of the application and cannot be enforced by execution. (Code Civ. Pro. § 1380.) The learned General Term held that the section applied only when the deed had been adjudged fraudulent, and that until such a case arose the court could and should grant leave to issue execution; this was erroneous. (2 R. S. [6th ed.] chap. 7, § 146; Laws of 1858, chap. 314; 42 N. Y. 251; 72 id. 424; 113 id. 526.)

*Thomas J. Keigharn* for respondent. The amendment of 1890, to section 1380 of the Code, does not apply to the case presented on this application; but the section still provides for such an application as this, just as it did before it was amended. (*In re Holmes*, 59 Hun, 369; 13 N. Y. Supp. 100; 16 id. 51; Code Civ. Pro. §§ 1379, 1380; *Beard* v. *Smith*, 3 J. & S. 51; *Kennedy* v. *Wills*, 4 Abb. Pr. 132; *Lee* v. *Walkins*, 3 id. 243.) The judgment is now and was at the time the application for leave to issue the execution was made, a lien on the real estate of the judgment debtor. (Code Civ. Pro. §§ 1251, 1255; Laws of 1885, chap. 514; *M. Bank* v. *Van Brunt*, 49 N. Y. 163; *Dewey* v. *Moyer*, 72 id. 77; *Scott* v. *Howard*, 3 Barb. 321; *Mohawk* v. *Atwater*, 2 Paige, 54; *Caswell* v. *Camp*, 1 N. Y. S. R. 568; *Mower* v. *Kip*, 2 Edw. Ch. 165, 167; *Ex parte P. I. Co.*, 7 Cow. 554; *Pettit* v. *Sheppard*, 5 Paige, 502.)

The paper signed was never delivered to or accepted by the intended grantee. (*Day* v. *Mooney*, 4 Hun, 134; *Jackson* v. *Perkins*, 2 Wend. 317; *Billings* v. *Russell*, 101 N. Y. 230; *Graves* v. *Dudley*, 20 id. 79; *Robinson* v. *Stewart*, 10 id. 194; *Bracket* v. *Barney*, 28 N. Y. 340, 341; *Jackson* v. *Phipps*, 12 Johns. 419; *Crosby* v. *Hillyer*, 24 Wend. 284; *Fisher* v. *Hall*, 41 N. Y. 422, 423; *Church* v. *Gilman*, 15 id. 660; *Roosevelt* v. *Carow*, 6 Barb. 194; *Elsey* v. *Metcalf*, 1 Den. 323, 327; *Cusack* v. *Tweedy*, 11 N. Y. Supp. 17.) The fact that an assignee was appointed in the bankruptcy proceedings is no objection to this proceeding on the part of the creditor. (*Dewey* v. *Moyer*, 72 N. Y. 78.) Nor is there any force in the objection that Holmes' debt was not contracted until some time after the date of the alleged fraudulent conveyance. (*Shand* v. *Hanley*, 71 N. Y. 321; *Dewey* v. *Moyer*, 72 id. 76; *Case* v. *Phelps*, 39 id. 164; *Savage* v. *Murphy*, 34 id. 508; *Stimson* v. *Wrigley*, 86 id. 330.) The point suggested by the appellant's answer that the Bankruptcy Court rendered an opinion against the petitioner on the same question of fraud in the making of this deed has no force. (*Stowell* v. *Chamberlain*, 60 N. Y. 275; *Masten* v. *Olcott*, 101 id. 160; *R. P. Co.* v. *O'Dougherty*, 81 id. 490; *Webb* v. *Buckelew*, 82 id. 556.) The creditor is entitled to his execution to collect the judgment, so long as it remains due; and is a lien upon the real estate. (*M. Bank* v. *Van Brunt*, 49 N. Y. 163; *Kenney* v. *Geoghegan*, 9 Civ. Pro. Rep. 382; *Betts* v. *Garr*, 26 N. Y. 384, 386; *Nichols* v. *Kelsey*, 13 Civ. Pro. Rep. 154; *Adee* v. *Bigler*, 81 N. Y. 351; *Adsit* v. *Butler*, 87 id. 585; *Duell* v. *Alvord*, 41 Hun, 198; Code Civ. Pro. §§ 1379, 1380.)

EARL, Ch. J. On the 26th day of October, 1880, John A. Holmes and others recovered a judgment against James Boyle for $9,637.30, which was on that day docketed in the clerk's office of the city and county of New York. Boyle died on the 26th day of January, 1881. On the 1st day of November, 1873, Boyle owned certain real estate in the city of New York, and on that day he executed a deed thereof to Andrew Little,

which deed was placed upon record. It is now claimed by Holmes, the petitioner, who has become the sole owner of the judgment, that that deed was not delivered to Little and, therefore, never became operative, or if it was delivered that it was fraudulent and void as to the creditors of Boyle; that, therefore, the title to the real estate, as between Boyle and his creditors remained in him, and that his judgment became a lien thereon.

On the 28th day of October, 1890, at a Special Term of the Supreme Court, Holmes obtained an order requiring the proper parties to show cause on the 11th day of November, 1890, why an order should not be made granting to him leave to issue an execution to enforce his judgment against the real estate described in the petition. Thereafter, on the nineteenth day of November, after hearing the parties, an order was made denying the petition. Holmes then appealed from that order to the General Term where it was reversed, and leave to issue the execution was there granted. From the order of the General Term an appeal has been taken to this court, and the appellants claim that upon the facts appearing the court should not have authorized an execution, for the sale of the real estate, to be issued.

We do not think it was necessary for the court to adjudicate in this proceeding either that the deed was not delivered, or that it was fraudulent. For the purpose of disposing of this matter the court could, upon allegations and proofs tending in that direction, assume that one or the other claim was well founded, and grant the leave to issue the execution; and then Holmes could sell the real estate, and having sold it the purchaser at the sale could try the question whether the deed was fraudulent or had never been delivered, in an action brought to recover the possession thereof. The decision of the court granting the leave asked for is not, therefore, a final adjudication binding upon the parties that the deed was not valid and effectual. That matter remains to be determined in some future litigation in which it may be properly involved.

The sole question for our determination now is whether or

not at the time the order granting leave to issue the execution was made, the judgment was a lien upon the land assuming that it was the property of Boyle at the time of his death.

It is provided in section 1251 of the Code, that except as otherwise specially prescribed by law, a judgment docketed in the county clerk's office binds and is a charge upon, for ten years after filing the judgment-roll, and no longer, the real property and chattels real in that county, which the judgment debtor then owned or thereafter acquired, within the ten years. Section 1255 provides that the time during which a judgment creditor is stayed by express provision of law from enforcing a judgment, is not a part of the ten years to which the lien of the judgment is limited. Section 1379 provides that an execution to collect a sum of money cannot be issued against the property of the judgment debtor who has died since the entry of the judgment, except as prescribed in the next two sections; and in section 1380 it is provided that "after the expiration of one year from the death of a party against whom a final judgment for a sum of money, or directing the payment of a sum of money, is rendered, the judgment may be enforced by execution against any property upon which it is a lien, with like effect as if the judgment debtor was still living. But such an execution shall not be issued unless an order granting leave to issue it is procured from the court from which the execution is to be issued." Thus it is provided that no execution can issue, even by leave of the court, to enforce a judgment which is a lien upon the real estate left by a deceased judgment debtor, until after the expiration of one year from his death. That year, therefore, cannot be counted as a part of the ten years specified in section 1251, and the lien of the judgment in such a case would continue for eleven years; and, therefore, it is clear that the lien of this judgment existed at the time the order was made giving leave to issue the execution.

But still further; the proceeding to enforce this execution was actually stayed for three years after the death of Boyle. It is provided in section 1380 that when letters testamentary

or of administration have been issued upon the estate of the deceased judgment debtor, an order granting leave to issue the execution cannot be granted until three years after the issuing of such letters; and that when the judgment debtor died intestate, and letters of administration upon his estate have not been issued (and such is the case here), the order cannot be made until three years after his death; and thus the lien of this judgment under section 1255 continues for thirteen years.

Section 1380 also contains this clause: "But this section shall not apply to real estate which shall have been conveyed, or hereafter may be conveyed by the deceased judgment debtor during his life-time, if such conveyance was made in fraud of his creditors, or any of them, and any judgment creditor of said deceased, against whose judgment said conveyance shall have been or may hereafter be declared fraudulent by the judgment and decision of any court of competent jurisdiction, may enforce his said judgment against such real property with like effect as if the judgment debtor was living, and it shall not be necessary to obtain the leave of any court or officer to issue such execution, and the same may be issued at any time," as further provided in the section. The proper construction of this clause is not free from doubt. The judge presiding at the Special Term denied leave to issue the execution on the ground that the petitioner having alleged that the deed from Boyle to Little was executed in fraud of his creditors, this case is taken out of section 1380, and thus leave to issue the execution could not, therefore, be granted. At the General Term it was held that this clause applied only to a case where the fraudulent deed had been adjudged fraudulent, and as the deed to Little had not been so adjudged the clause had no application to this case. Without being sure of the purpose and meaning of this clause we are constrained to agree with the construction put thereon by the General Term.

We, therefore, reach the conclusion that the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.