Dwight, P. J., Haight and Bradley, JJ., concurred.

Orders appealed from affirmed, with costs.

DeWitt C. LeFevre, as Surviving Partner, etc., of C. V. B. Barse & Co., Respondent, *v.* Charles W. Phillips, Appellant, Impleaded with Others.

*Judgment, improperly indexed, not a lien — execution on a judgment against a deceased debtor — leave to issue an execution — issuing and return of execution a condition precedent to a creditor's action — exceptions in equity to the rule.*

If a county clerk omits to properly index a judgment as against one of two judgment debtors, the judgment does not become a lien upon the real estate of such judgment debtor.

A judgment which never became a lien upon the real property of a judgment debtor, by reason of the failure of the county clerk to properly index the same against him, does not come within the provisions of section 1380 of the Code of Civil Procedure allowing an execution to issue against the property of a deceased judgment debtor, within one year after his decease, with the leave of the court.

It is a general rule, in actions brought by creditors to set aside conveyances of a judgment debtor for fraud, that an execution must be issued and returned unsatisfied in whole or in part before the action can be maintained.

Where it is alleged that a judgment debtor has transferred his property in fraud of his creditors, before the recovery of the judgment, the court may assume for the purposes of deciding a motion for leave to issue an execution that the claim of fraudulent transfer was well founded, and grant the motion, notwithstanding the fact that the judgment was not in fact a lien upon the property, but no such presumption can be indulged in when the judgment not only was not, but could not be, a lien upon the debtor's property.

The rule requiring the issuing and return of an execution, as a condition precedent to the maintenance of a creditor's action, is not of universal application, and does not deny to a party the interposition of the equity powers of the court, when the situation is such as to render impossible the aid of a court of law, to there take the preliminary steps to produce what ordinarily may be treated as the condition precedent to the application for equitable relief.

APPEAL by the defendant, Charles W. Phillips from an inter-locutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 24th day of April, 1893, upon the decision of the court, ren-dered after a trial at the Erie Special Term, overruling the defend-ant's demurrer to the complaint, and also from an order entered in said clerk's office on the 24th day of April, 1893, overruling said demurrer.

*James H. Waring,* for the appellant.

*Charles S. Cary,* for the respondent.

LEWIS, J. :

It is alleged in the complaint that the plaintiff recovered a judg-ment against one John F. Good and another for $2,642.50 on the 10th day of May, 1886 ; that the judgment roll in said action was duly filed in the clerk's office of the county of Cattaraugus on said day ; that it still remains unpaid and unsatisfied in full ; that the county clerk of the county in docketing said judgment omitted to index the same against said defendant John F. Good, and that by reason of such omission said judgment did not appear on said docket on what is called the " Good Combination," and, therefore, the judg-ment did not become a lien upon the real property of the defend-ant Good.

That in the year 1891 the said Good died intestate, leaving no personal property of any description. That at the time of the recovery of said judgment he was the owner of valuable real estate in the county of Cattaraugus of the value of several thousand dol-lars ; after the recovery of said judgment, and on the 1st day of December, 1890, Good executed and delivered to the defendant Charles W. Phillips a certain instrument in writing purporting to convey to said Phillips, in consideration of the sum of $300, said real estate ; said deed was duly recorded in the proper clerk's office.

That said deed was delivered to said Phillips for the purpose of securing the repayment to him of said sum of $300, with interest, on an agreement on the part of said Phillips with Good that on the repayment of said sum he would reconvey the lands to Good.    That

Phillips did not purchase and become the grantee of said lands for a valuable consideration and without notice of plaintiff's judgment, but, on the contrary, up to the time of the death of said Good he held said instrument of conveyance and only assumed to hold the same as security for the payment of said money and as, in effect, a mortgage thereon.

That after the death of said Good, Phillips, for the first time, conceived the fraudulent purpose and design of assuming to hold under said conveyance the absolute title to said lands as the *bona fide* purchaser thereof free and discharged from said judgment.

That said Phillips knew of the existence of plaintiff's judgment, and that his claim as aforesaid, since the death of Good, is made with the fraudulent intent on his part to hinder, delay and defraud the creditors of Good, and particularly the plaintiff.

That said instrument of conveyance in connection with the record of said judgment is a cloud upon the title of said lands and an obstruction to the collection of the judgment.

That at the time of said transaction, said Good was indebted to divers persons in large sums of money and was unable to pay his debts, as said Phillips well knew, and that said defendant claims that the plaintiff's judgment is not and ought not to be a lien upon the premises by reason of the omission of the clerk to index the same as against said Good, and claims that he is a *bona fide* purchaser thereof, when in truth and in fact he is not such and has not in any manner been prejudiced by reason of the omission of the clerk to properly index the judgment.

Judgment was demanded against the defendant that plaintiff's judgment be adjudged to be a lien upon the land described superior to all the liens, rights, titles and equities of the defendant, and that the clerk's docket be amended *nunc pro tunc* by indexing and docketing the same against said Good, and that the conveyance to the said defendant be set aside or adjudged to be subordinate and subject to the lien of plaintiff's said judgment, and that the land be sold and the proceeds of the sale applied to the payment of plaintiff's judgment and the surplus, if any, deposited with the treasurer of the county of Cattaraugus to the credit of the action, and that the plaintiff have judgment for such other or further relief as the court shall deem just.

The defendant demurred to the complaint on the grounds : *First.* " That there is a defect of parties defendant, in that the clerk of this court   *   *   *   is not a defendant ; and, *second*, that the said complaint does not state facts sufficient to constitute a cause of action." The demurrer was overruled.

The only question presented by this appeal which merits examination is whether the issuing and return of an execution unsatisfied in whole or in part against the judgment debtor, Good, was an indispensable prerequisite to the right to maintain the action.

By the omission of the clerk to properly index the judgment as against Good it did not become a lien upon the defendant's real estate. (§ 1246, Code Civ. Proc.)

The judgment debtor having died after the entry of judgment, a general execution against his property could not be issued. (§ 1379, Code Civ. Proc.)

It is provided by section 1380 of the Code of Civil Procedure that after the expiration of one year from the death of a party against whom a final judgment for a sum of money, or a judgment directing the payment of a sum of money, is rendered, the judgment may be enforced by execution against any property upon which it is a lien with like effect as if the judgment debtor was living, but such an execution shall not be issued unless an order granting leave to issue it is procured from the court from which the execution is to be issued and a decree to the same effect is procured from a Surrogate's Court which has duly granted letters testamentary, etc.

This judgment is not within the provisions of this section, for, as stated, it never became a lien upon the judgment debtor's property.

It is a general rule that in actions brought by creditors to set aside conveyances of a judgment debtor for fraud that an execution must be issued and returned unsatisfied, in whole or in part, before an action can be maintained.

It may be observed that in this action it is not claimed that the conveyance was made with intent to defraud the creditors of the judgment debtor. The good faith of Good in giving the deed and the motives of the appellant in receiving it are not in any respect assailed or questioned.

Neither of them, as far as appears from the complaint, was aware of the omission of the clerk to properly index the judgment as

against Good. Good, not knowing at the time of executing the conveyance to Phillips that the judgment was not properly indexed as against him, would not have had any fraudulent intent in giving the deed as against the plaintiff's judgment.

No fraud is charged against the appellant during the lifetime of Good. It is alleged that he first conceived the idea of claiming the instrument was a conveyance of the fee of the land after Good's death; therein consisted the fraud which is charged against him in the complaint.

While it is stated generally in the complaint that Phillips knew of plaintiff's judgment, it is not alleged that he knew of it at the time of receiving the deed, so that the only relief, probably, which the plaintiff could have would be to have the deed declared a mortgage security only for the indebtedness of $300.

Whether this action comes within the provisions of section 1871 of the Code, which provides that where an execution against the property of a judgment debtor issued out of a court of record has been returned wholly or partly unsatisfied, the creditor may maintain an action against the judgment debtor and any other person to compel the discovery of anything in action, or other property belonging to the judgment debtor, may not be free from doubt.

But if it be assumed that it does, is not this an exception to the rule that to maintain such an action an execution must be first issued and returned unsatisfied?

The judgment debtor having died after the entry of judgment, a general execution against his property could not be issued. (§ 1379, Code Civ. Proc.)

Had this judgment been a lien upon the defendant's property, an execution might have been issued after obtaining an order from the court granting the judgment and a decree of the proper Surrogate's Court consenting thereto. The plaintiff could not obtain such relief because of the fact that his judgment was not a lien upon the property of the judgment debtor.

It was held in *The Matter of Holmes* (42 N. Y. St. Repr. 641; S. C., 131 N. Y. 80), where it was alleged that the judgment debtor had transferred his property in fraud of his creditors before the recovery of the judgment, that the court might assume, for the purposes of deciding a motion for leave to issue execution, that the

claim of fraudulent transfer was well founded and grant the motion, notwithstanding the judgment was not in fact a lien on the property, but no such assumption should be indulged in here, for concededly the judgment was not and could not be a lien upon the debtor's property.

It was held in *Nat. T. Bank* v. *Wetmore* (124 N. Y. 241) that the rule requiring the issuing and return of an execution as a condition precedent for the maintaining of a creditor's action was not of universal application.

The opinion of the court, prepared by BRADLEY, J., discusses the reasons and authorities for the general rule requiring the issuing and returning of the execution in such cases, and concludes that it is not so universal in its application as to deny to a party the interposition of the equity powers of the court when the situation is such as to render impossible the aid of a court of law, to there take the preliminary steps to produce what ordinarily may be treated as the condition precedent to the application for equitable relief.

We incline to the opinion that this case presents an exception to the general rule mentioned, and that the plaintiff, under the allegations of his complaint, was entitled to the relief asked for, and the order and interlocutory judgment appealed from should, therefore, be affirmed, with leave to the defendant to serve an answer within twenty days, on payment of the costs of the demurrer and of this appeal.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Interlocutory judgment appealed from affirmed, with costs, with leave to defendant to withdraw demurrer and answer over within twenty days on payment of the costs of the demurrer and of this appeal.