SARAH J. McCARTY *v.* ROBERT DEMING and others.

(SPECIAL TERM, RENSSELAER COUNTY, DECEMBER, 1871.)

The testimony of a son as to representations made to him by his parents, is inadmissible to show the place of his birth.

Mere discretionary power, given executors, to sell and convey real estate, does not operate as an equitable conversion thereof.

Where executors were given power, by the will, to sell and convey real estate, and the purpose of the sale was evidently to enable them to satisfy bequests which were void, — *Held*, that their authority to sell was not to be construed as a direction to convert the real into personal estate, for distribution among the testator's next of kin, some of whom were aliens; but that the real estate descended, as such, to his heirs-at-law entitled to take, as citizens of the United States.

Aliens named in the act of November 26th, 1827 (Sess. Laws, chap. 5, p. 7), who failed to obtain naturalization for six years after its passage, were excluded from its benefits; and, obtaining naturalization after the expiration of the six years, their property became subject to the law of descent prescribed by the Revised Statutes.

THIS action is instituted by the plaintiff, to recover possession of a farm situated in Argyle, Washington county, of which Thomas Mooney died seized. Thomas Mooney was a native of Ireland, from whence he emigrated to this country prior to 1825. In January, 1825, he purchased the farm in question, and continued to own and occupy the same until his death, which occurred November 16th, 1869. He left no widow or child him surviving, and all of his relatives, except the plaintiff, who is a sister of the deceased, were, at the time of his decease, aliens; and the plaintiff avoids such disqualification by virtue of her marriage to a citizen of the United States, whereby she became a citizen, under the act of congress passed in 1855. Thomas Mooney made his last will and testament on the 25th day of August, 1869, in and by which, after creating numerous legacies, he provides as follows: "Third. I also give, devise and bequeath to the Bible and Missionary Societies the sum of $500, under the direction of

my executors, hereinafter to be named." "Sixth. I give, devise and bequeath to my executors, hereinafter to be named, and to Philander C. Hitchcock, all the rest and residue of my estate, both personal and real, to be used by them, or a majority of them, as they shall deem most proper, for religious societies or churches, or both, or benevolent purposes, or all of said purposes." Both of said provisions of said will have been declared, by the judgment of the Supreme Court, to be void. The personal property in the hands of the executors is ample to pay all the debts and legacies. The will also contains the following provision: "Lastly, I do hereby appoint my friends and neighbors, Seth H. Terry, William Clapp, and John Graham, executors of this my last will and testament, with full power to sell all my real estate and convey the same." The will has been admitted to probate by the surrogate of Washington county. The executors have not sold the farm in question.

*E. L. Fursman* and *Esek Cowen*, for the plaintiff.

*H. S. Dodd*, *A. D. Waite*, and *James Gibson*, for the defendants.

INGALLS, J. The evidence fails to establish the fact that Washington Murray was ever a citizen of the United States. He pretends to no recollection of ever having resided there, but, as his examination shows, relied exclusively upon the representations made to him by his parents that he was born in the town of Argyle, Washington county, New York. Such declarations are incompetent as evidence to establish the place of birth of a party. This principle seems well established by authority. (*Jackson* v. *Etz*, 5 Cow., 314, 320; *The King* v. *The Inhabitants of Erith*, 8 East, 539, 542; *Mima Queen* v. *Hepburn*, 7 Cranch, 291; Cow. & Hill's Notes to Phill. Ev., vol. 1, p. 559, note 432.) It follows, therefore, that neither himself nor his grantor Deming have established any title to or interest in said farm, based upon the fact that Washington

Murray was a citizen of the United States. It is insisted by the defendants that the provision contained in the will, and to which we have referred, by which the executors were authorized to sell the land in question, constitutes an equitable conversion of such land into personal property; and, therefore, the executors should sell the farm and distribute the avails thereof as personal property, thereby enabling the relatives of the testator who are aliens to participate in such distribution. I am convinced that this proposition cannot be sustained. The testator, by his will, does not absolutely require the executors to sell the real estate. The language employed is as follows: "With full power to sell all my real estate and convey the same." The executors are not required, in any event, to sell the land, but an authority, coupled with a discretion, is conferred upon them. Such direction, construed in the light of the other facts and circumstances of this case, does not seem to be sufficient to constitute a conversion of the land in question into personal property. In *White et al.* v. *Howard*, recently decided by the Court of Appeals, and not yet reported, Judge GROVER remarks: "To constitute a conversion of real into personal, *in the absence of an absolute sale, it must be made the duty of, and obligatory upon, the trustees to sell it in any event.* Such conversion rests upon the principle that equity considers that as done which ought to have been done. *A mere discretionary power of selling produces no such result.*"

It is apparent from the will, and all the facts proper to be considered in connection therewith, that the testator intended to authorize the sale of the land in question, by the executors, for the purpose of satisfying those bequests which the court have declared void; and, hence, the purpose which the testator designed to accomplish by such sale has wholly failed, and the necessity therefor ceased. It would seem to be an idle ceremony for the executors to sell the farm in question, for the purpose merely of handing over to the plaintiff the proceeds thereof, which could not be changed in its character by such sale, or include other parties in the distribution. Under

McCarty v. Deming and others.

such circumstances, equity would not require the executors to make such sale; and we therefore conclude that the defendants have failed to establish an equitable conversion of the land in question into personal property for any purpose whatever. (See, also, *Bogert* v. *Hertell*, 4 Hill, 492.) We deem the views herein expressed entirely consistent with the principle decided in *Kinnier* v. *Rogers* (42 N. Y., 531). In that case there *was a sale by the executors*, under the power contained in the will, to carry out the purposes of the testator; and a controversy arose between the executors and the purchaser, and the question involved was, whether, under the circumstances of that case, a title would be acquired by such purchaser. The facts of this case are essentially different from those in the case referred to; and the questions of law which are controlling here are also different. I do not think the defendants' case is aided by the statute of 1827, entitled "An act to enable Robert Orr and others to take, hold and convey real estate." First, because Thomas Murray, by remaining unnaturalized for a period of more than six years after the statute referred to took effect, became, by the terms of the statute, excluded from the benefit thereof. The statute contains the following provision : " And provided, also, that in case either of the persons named in the act shall, after the expiration of six years from the passing of this act, be alive and not naturalized according to the laws of the United States." Thomas Murray was alive and not naturalized until December 8th, 1836. Second, when he became, by naturalization, a citizen of the United States, his property was subject to the laws of descent prescribed by the Revised Statutes of this State. (*Larreau* v. *Davignon*, 5 Abb. Pr. Rep., 367 [N. S.]) It is quite obvious that, by the statute of 1827, referred to, the legislature intended, under certain restrictions therein specified, to protect the property of the persons named from escheat during a period of six years, within which time they could become naturalized. I conclude that the plaintiff is the owner of, and entitled to the possession of, the land in question. As the executors, and Philander C. Hitchcock,

have been made parties defendant in this action, and have defended, in good faith, under the provisions of the will, they should not be charged with costs.