IN THE MATTER of the probate of a paper writing propounded as the last will and testament of CHARLES FOX, deceased.

A will contained a devise of the residue of the testator's estate, real and personal, to the Government of the United States, at Washington, "for the purpose of assisting to discharge the debt contracted by the war for the subjugation of the rebellious Confederate States."

*Held,* 1. That under this will, the United States Government could not take the real estate so devised.

2. That if the devise was to be considered as a *trust* in the United States, to apply the property devised, for the specified purpose of assisting to pay the debt contracted by the war, such a trust was not only invalid, but there was no competent trustee to take.

3. That the land being in this State, the validity of the trust was to be decided according to the laws of this State.

4. That the doctrine of equitable conversion could not be applied to the case, so as to make it the duty of the executors to sell the real estate and convert it into personalty, for the purpose of carrying out the intent of the testator.

Neither by the common law, nor under our statutes regulating devises, can a devise of lands to the United States be held valid.

That government is neither a person capable of taking by devise, nor can the statute regulating devises be construed as extending this right to bodies politic or corporate, except when authorized by the laws of the State to take by devise.

By the common law, a devise of real estate was not permitted, except for a particular use. The right to devise real estate rests in the statute. The statute of New York only allows devises to be made to persons capable of holding, and to corporations authorized by their charter to take by devise. The United States, not being within either of these descriptions, cannot take, under our statute.

To constitute an equitable conversion of real into personal estate, it must be made the duty of, and obligatory upon, the trustees, to sell in any event. A mere discretionary power of selling produces no such result.

The doctrine of equitable conversion is based upon the principle that equity will require a thing to be done that ought to be done; but when it is apparent that the thing sought to be obtained was contrary to law, there is no ground upon which the doctrine can be made applicable.

APPEAL from a decision of the surrogate of the county of New York, refusing to admit a will to probate, as a will of real estate, on the grounds that the will propounded was void as a will of real estate; and that there was a want of capacity in the devisee to take.

*By the Court*, INGRAHAM, P. J. Application was made to the surrogate to admit the will of Charles Fox to probate, as a will of real estate.

The will contained a devise of the residue of the testator's estate, real and personal, to the Government of the United States, at Washington, District of Columbia, " for the purpose of assisting to discharge the debt contracted by the war for the subjugation of the rebellious Confederate States."

The heirs at law contested the validity of this disposition of his property. The surrogate admitted the will to probate as a will of personal estate, but refused to admit it as a will of real estate, for the reason that the will was void as a devise of real estate, and that the United States could not lawfully take, receive or hold as devisee, in trust or otherwise, under the said will, the real estate devised thereby.

In the matter of Fox.

From this decision the United States appeal to this court.

Two questions have been argued before us on this appeal:

1. Whether the United States can take under this will the real estate so devised.

2. Whether, if they cannot take real estate as devisee, the doctrine of equitable conversion should not be applied so as to require the executors to convert the real estate into personalty, for the purpose of carrying into effect the intentions of the testator.

Although there are other questions which we think might have been argued in this case, we do not purpose, in the disposition of it, to notice any except those which have been urged by the appellant, as grounds for reversal of the surrogate's decree.

If this devise is to be considered as a trust in the United States to apply the property devised for the specified purpose of assisting to pay the debt contracted by the war, it is clear, under the decisions of our courts, that no such trust is valid.

The land being in this State, the validity of the trust is to be decided according to the laws of this State, (*Levy* v. *Levy*, 33 *N. Y.* 97, 136;) and as was decided in that case, the trust was not only invalid, but there was no competent trustee to take. In this case the court below held that the devise to the United States was valid. This was reversed in the Court of Appeals, and the trust in them was held to be void.

Can the United States take as devisee of real estate to their own use?

We are of the opinion that neither by the common law, nor under our statutes regulating devises, can a devise to the United States be held valid. That government is neither a person capable of taking by devise, nor can the

statute regulating devises be construed as extending this right to bodies politic or corporate, except when authorized by the laws of this State to take by devise. This question arose incidentally in *Burrill, ex'r*, v. *Boardman and others*, in this court; and the right to take by devise was denied, and in that case, on appeal, (43 *N. Y.* 254,) the chief justice expressed his doubts as to the power to take, but the same not being necessary to the decision of that case, no definite opinion was expressed thereon.

By the common law, a devise of real estate was not permitted except for a particular use. The right to devise real estate rests in the statute. The statute of this State only allows devises to persons capable of holding, and corporations authorized by their charter to take by devise. As the appellants are not within either of these descriptions, they cannot take under our statute.

The remaining question is, whether the doctrine of equitable conversion can be applied to this case, so as to make it the duty of the executors to sell the real estate and convert it into personalty, for the purpose of carrying out the intent of the testator. In the case of *White* v. *Howard*, (46 *N. Y.* 144,) referred to in 4 *Lans.* 442, Judge Grover says: "To constitute an equitable conversion of real into personal, it must be made the duty of, and obligatory upon, the trustees to sell in any event. A mere discretionary power of selling produces no such result."

Here there is not even a power of sale; and there is no case where this doctrine has ever been extended so as to give to executors power to sell, when such power is not conferred by the will. Where the purpose for which a sale is asked for has failed, and the necessity ceased, there can be no authority for such conversion.

The doctrine of equitable conversion is based upon the principle that equity will require a thing to be done that ought to be done; but where it is apparent that the thing

sought to be obtained was contrary to law, there is no ground upon which that doctrine can be made applicable.

Decree reversed, so far as relates to the real estate.

[FIRST DEPARTMENT, GENERAL TERM, at New York, June 3, 1872. *Ingraham, Leonard* and *Gilbert,* Justices.]