HARRIET BALLOU, Administratrix, etc., Respondent, *v.* THEODORE P. BALLOU, Appellant.

The title to land appropriated and taken possession of by the State, does not vest in it until the amount of damages becomes fixed by appraisement.

Where, therefore, after such appropriation and before the appraisal of damages, the owner of the land died intestate, *held*, that the title to the land remained in the owner until his death and then descended to his son, his only heir-at-law — subject to the dower of his widow — together with the claim against the State.

A claim was subsequently made against the State in the name of the son and widow, and an award was made and recorded in their names; subsequently the son died intestate. *Held*, that the claim was at the time of his death a personal asset and went to his administratrix.

Defendant collected the award as agent of plaintiff, the administratrix. *Held*, that he could not interpose as a defence, to an action to recover the same, that the award belonged to a third person.

Defendant was called as a witness in his own behalf; on cross-examination he was asked what the consideration expressed in a deed from the deceased to him was; he answered, "$6,000 imaginary consideration.' His counsel then asked him to state the real consideration; this was objected to as calling for a transaction with the deceased and excluded; *held*, no error.

(Argued September 19, 1879; decided September 30, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts material to the questions discussed appear sufficiently in the opinion.

*E. J. Richardson*, for appellant. The claim for loss and damage arose upon the appropriation by the State of the land of plaintiff's intestate, and upon his death was a part of his personal estate. (*People* v. *Hayden*, 6 Hill, 359, 361, 362; 18 Wend., 9; 8 N. Y., 110; 19 Wend., 678.) The referee erred in excluding evidence on the question of the consideration given by defendant for the deed from William P. Ballou and wife to him in 1842. (*Williams* v. *Fitch*, 18

N. Y., 546-552; *Warrall* v. *Parmelee*, 1 Comst., 519; *Pen-field* v. *Carpenter*, 13 J. R., 350; *Tuttle* v. *Kent*, 2 Cow., 436; *Starbird* v. *Barrows*, 43 N. Y., 200; *McIntyre* v. *Clapp*, 31 id., 569; *Brown* v. *Richardson*, 26 id., 472.) Plaintiff having proved by defendant matters relating to personal transactions with his intestate, to charge him, defendant·was entitled to testify to the rest of such trans-actions, which would discharge him from liability. (*Frank-lin* v. *Pinkney*, 2 Robt., 429; S. C., 18 Abb. Pr., 186; *Sanford* v. *Sanford*, 61 Barb., 293; 3 Hun, 585; *Marsh* v. *Brown*, First Dept. [8 N. Y. Weekly Dig.], 407).

*Edwin H. Risley*, for respondent. The title of plaintiff's intestate to the lands appropriated was not divested until the award for them ₒwas made and recorded. (1 R. S. [6th ed.], 661, § 103; 2 Hill, 342.) The right to dam-ages would have passed to a purchaser under a grant in fee without reservation. (*Corning* v. *Troy I. and N. Co.*, 39 Barb., 311, 322; 40 N. Y., 191.) The referee properly excluded the evidence touching communications and trans-actions between defendant and the deceased. (New Code, § 829; 5 Hun, 536; 7 id., 675; 8 id., 176; 12 id., 179, 312.) The defendant, having collected the canal award under a power of attorney from the plaintiff and Theodore Ballou, was estopped from claiming title to any part of the fund. (*Collins* v. *Tillon*, 26 Conn., 368; *Hancock* v. *Gomez*, 58 Barb., 490; *Ross* v. *Curtiss*, 31 N. Y., 606; Story on Agency, § 217; Dunlap's Paley on Agency, 10, note 3.) Defendant cannot defeat plaintiff's right to recover by showing that some other party claims title to the premises in dispute, so long as he does not connect himself with Char-lotte Ballou, or show any right from her to receive or retain the money. (*Bettelry* v. *Reed*, 4 Ad. & Ell. [ N. S.], 511; *Kiernan* v. *Sanders*, 33 Eng. Com., 135.)

CHURCH, Ch. J. The plaintiff sued as administratrix of the estates, both of her husband and her son, to recover of

the defendant an amount of money received by him of the State for damages in appropriating land for the canal.

The referee found that the land at the time of the appropriation was owned by William P. Ballou, the husband of the plaintiff. The land was appropriated in 1850 ; the husband died intestate in 1854. The appraisal of damages was recorded in 1859.

The son Theodore was his only heir, and he died intestate April 29, 1862. The amount of the award was paid to defendant May 14, 1862. The referee decided that upon the death of the husband the title to the land taken descended to the son with the claim for damages against the State. The General Term expressed the opinion that this was erroneous, and that upon the appropriation the claim for damages became a personal asset, and went to the representatives of the husband. That tribunal affirmed the judgment, however, holding that an item for funeral expenses of the husband paid by defendant, might be substituted for an item allowed for like expenses paid for the son, of about the same amount. If the plaintiff's right to recover as administratrix of her husband, is correct, questions connected with the claim of defendant for the amount of a note against the husband would be involved, otherwise not, as the note would not be available as a counter-claim, if the plaintiff stands as the representative of her son. We are of opinion that the referee was right. True, the owner of land has a right to prefer a claim for damages as soon as the land is taken possession of by the State, but the title does not vest in the State until the amount of damages becomes fixed by appraisement. When the damages are thus ascertained the title passes, the presumption being that the State will pay the amount upon demand. The statute settles the point. It provides that " the fee simple of all premises so appropriated in relation to which such estimate and appraisements, shall have been made, and recorded, shall be vested in the people of this State." (1 R. S. [6th ed.], 661, § 103; *Baker* v. *Johnson*, 2 Hill, 342.) The title therefore remained

in William P. Ballou until his death, and then descended to his heir-at-law (subject to the dower of the plaintiff), together with the claim against the State. During the life of the son the claim was made in the names of the son and widow, and the award was made and recorded in their names, and the money actually received by the defendant a few days after the son's death. It was at the time of his death a personal asset, and went to the plaintiff as his representative. All questions therefore in respect to the note are out of the case. The defendant claimed, and this was the principal controversy on the trial, that he was the owner of two-thirds of the land, and was entitled to two-thirds of the damages. This controversy involved an inquiry into various and somewhat complicated transactions between the parties for more than fifty years.

I have examined with considerable care all the evidence, which is quite voluminous, and concur with the General Term that the referee was justified in the finding that at the time of the appropriation the husband was the sole owner. I do not deem it necessary to review the evidence. It appears that the defendant did have at one time an interest in the farm from which the appropriation was made, but the legal title was in the husband, and it was claimed by the plaintiff that the defendant's interest was exchanged for the husband's interest in certain hotel property in the city of Utica, and this occurred thirty years previously. The evidence warranted the finding that such a contract was made, although there was a sharp conflict of testimony upon the subject. It was also claimed that the husband had conveyed the interest of the defendant to him, and a deed was produced to that effect, but the referee found that the description of this farm had been inserted after the deed was delivered as a deed of other lands. This finding was also sustained by evidence. It was also claimed that the husband had conveyed the defendant's interest to his wife. The facts in respect to this deed do not very clearly appear, but the referee has found that it was given for some purpose which was not fulfilled,

and that it was ineffectual. As to this it may be claimed that the defendant having undertaken to collect the damages as the agent of the plaintiff, cannot interpose the defense that they belong to a third person. The controversy was among family relatives, and was evidently conducted with considerable acrimony. ·Whatever the real truth may be, the questions are peculiarly within the province of the trial tribunal, where the witnesses are seen, and their manner can be observed, and where inferences can be more properly drawn than by an appellate court. In such a case the findings of fact of a referee approved by the Supreme Court, will be sustained unless it can be seen that they are entirely without evidence to warrant them.

The defendant was asked on cross-examination, what the consideration expressed in the deed of the hotel property was. He answered $6,000 "imaginary" consideration. The defendant's counsel then asked him to state the real consideration ; this was objected to, and rejected as calling for transactions with a deceased person. We think that there was no error in this. The defendant by interpolating the word "imaginary" in his answer, did not open the door to state transactions with his deceased brother. It was not strictly responsive to the question.

The exception to the exclusion of testimony as to the value of the hotel property, is not tenable. We concur with the General Term, that the evidence only tended to create a probability, and had no direct bearing upon the question whether a contract to exchange property had been made.

We have examined the other questions, and do not think that any of them present an error which would justify a reversal of the judgment.

The judgment must therefore be affirmed.

All concur.

Judgment affirmed.