FREDERICK J. LANCASTER, Plaintiff, v. THE AMSTERDAM IMPROVEMENT COMPANY, Defendant.

*Right of citizens of the State of New York to organize a foreign corporation — the holding and granting of lands in New York by such corporation — its right to convey an indefeasible title thereto — its shareholders have no legal estate in the lands.*

Citizens of the State of New York may select a State or country, having laws providing for the organization of corporations best suited to their purposes, and organize a corporation under its laws, without intending to transact any business in such State or country, and without, in fact, ever having been there.

The question as to who may acquire lands, for what purposes, in what quantities and the tenure by which they may be held, must be decided by the local law of the State in which the lands are situated, and not by the rules of comity existing between States, and the fact that a foreign corporation is authorized, by the laws of the State under which it was incorporated, to take lands by devise, does not give it the right to take lands by devise in the State of New York.

A foreign corporation may not engage in the business of purchasing and selling lands in the State of New York for the purpose of speculation, and convey an indefeasible title to lands thus acquired, and a grantee of such corporation takes a title, defeasible at the will of this State, and the shareholders of the corporation have no legal estate in the lands.

SUBMISSION of a controversy on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The following are the material facts stated in the submission: On the 19th day of May, 1891, five persons, four of whom were residents of New York, and one of whom was a resident of New Jersey, organized a corporation by filing a certificate dated that day, in the State of New Jersey, by which the defendant was incorporated under a statute of that State, entitled "An act concerning corporations," approved July 7, 1875. The second article of the certificate of incorporation is as follows: "*Second.* That the places in this State where the business of such company is to be conducted are Jersey City and the city of Hoboken, in the county of Hudson. The principal part of the business of said company within this State is to be transacted at Jersey City, in the county of Hudson, and the places out of this State where the same is to be conducted, and where the company proposes to carry on operations, are the cities of New York and Brooklyn, in the State of New York, and that the objects for which said company is formed are the purchase and sale of real property, both improved and unimproved, the improvement of such property as may be purchased, and which, when purchased, is unimproved, the exchange of property for other property, the lending of moneys upon first and second mortgages secured by bonds, and the purchase and sale, by assignment or otherwise, of such mortgages and bonds. The portion of the business of said company which is to be carried on out of this State, in the said cities of New York and Brooklyn, will be such as will come under the head of the objects for which this company is formed. The principal office or place of business of said company out of this State, is the city of New York, in the county and State of New York."

December 21, 1892, the Secretary of State of the State of New York, issued a certificate, of which the following is a copy:

"STATE OF NEW YORK, }
"OFFICE OF THE SECRETARY OF STATE, }
"ALBANY. }

"It is hereby certified that the Amsterdam Improvement Company, which appears from the papers filed in this office on the

twenty-first day of December, 1892, to be a foreign stock corporation, organized and existing under the laws of the State of New Jersey, has complied with all the requirements of law to authorize it to do business in this State, and that the business of such corporation to be carried on in this State is such as may be lawfully carried on by a corporation incorporated under the laws of this State for such or similar business.

" Witness my hand and the seal of office of the Secretary of State, at the City of Albany, this 21st day of December, 1892.

[L. S.]                                    " FRANK RICE,
                                                  " *Secretary of State.*"

It is provided by section 124 of the New Jersey statute above referred to, that " it shall be lawful for three or more persons to associate themselves into a company to carry on any kind of manufacturing, mining, chemical, trading or agricultural business, agricultural fairs and exhibitions, for the encouragement of competition in agriculture, horticulture, breed of stock and development of speed in horses ; the transportation of goods, merchandise or passengers upon land or water ; inland navigation ; the building of houses, vessels, wharves or docks, or other mechanical business ; the reclamation and improvement of submerged lands ; *the improvement and sale of lands,*" etc.

This statute also provides that corporations shall have the power " to hold, purchase and convey such real and personal estate as the purposes of the corporation shall require, not exceeding the amount limited in its charter, and all other real estate which shall have been *bona fide* mortgaged to the said company by way of security, or conveyed to them in satisfaction of debts previously contracted in the course of dealings, or purchased at sales upon judgment or decree which shall be obtained for such debts."

By another section of this act it is provided : " Any company organized as aforesaid may carry on a part of its business out of this State, and have one or more offices and places of business out of this State, and may hold, purchase and convey real and personal property out of this State the same as if such real and personal property were situated in the State of New Jersey."

May 23, 1891, Arthur P. Smith was the owner of a lot of vacant and unimproved land in the city of New York, which, by a deed

dated that day and duly recorded May 25, 1891, he assumed to convey to the defendant. On the 15th day of January, 1893, the plaintiff and the defendant entered into a written contract whereby they agreed to exchange said lot of land for another lot of land owned by the plaintiff. The land of the plaintiff was valued at $72,000, and the land of the defendant at $49,500, and the difference, $18,500, the defendant agreed to pay to the plaintiff at the times and in the manner specified in the contract. It was agreed that the deeds should be exchanged at a place named on or before February 15, 1893. Pursuant to said contract the defendant executed a deed in due form, by which it is assumed to convey the premises to the plaintiff, and in addition procured a deed to be executed by all of the stockholders and directors of the defendant, in which deed said Arthur P. Smith, the grantor of the defendant, joined, by which the grantors therein assumed to convey all of their interest in said premises to the plaintiff.

It is conceded that the defendant has done no business in the State of New Jersey, and that the only business or transactions in which it has been engaged since its organization have been carried on in the city and county of New York.

It appears by the certificate of incorporation that all of the shareholders are residents of the State of New York, except Frederick Frambach, who resides in Jersey City, New Jersey, and subscribed for one share.

*Thomas S. Bassford*, for the appellant.

*Louis Marshall*, for the defendant.

FOLLETT, J. :

The circumstances under which this corporation was organized are peculiar, and until quite recently the question whether it has a legal existence would have been an open one. It is admitted that all of the corporators were residents of this State save one, who resided in New Jersey, and held a single share of stock. Undoubtedly he was made a stockholder to avoid the question at one time discussed, whether corporations organized under the laws of New Jersey must not have at least one resident stockholder and director. (13 N. J. L. J. 347 ; 26 Am. L. Rev. 885.)

It is also agreed that the defendant has done no business in the

State of New Jersey, and that the only business which it has undertaken has been carried on in the State of New York. It is apparent that this corporation was in fact organized by citizens of this State under the laws of New Jersey, not for the purpose of transacting business in that State, but to evade the laws of this State and organize a corporation under less stringent acts for the sole purpose of engaging in business in this State. *Demarest* v. *Flack* (128 N. Y. 205) must be regarded as conclusive authority for the position that citizens of this State may select a State or country having laws providing for the organization of corporations best suited to their purposes, and organize a corporation under those laws without intending to transact any business in that State, and without, in fact, ever having been there, and then engage in business in this State. This question has been much discussed. (*Kruse* v. *Dusenbury*, 1 City Ct. Rep. Supp. 87; S. C., 19 N. Y. Wkly. Dig. 201; 25 Am. L. Rev. 352; 26 id. 194, 342, 412; 27 id. 252; Cook S. & S. 238; Mor. Corp. § 955), but it is no longer an open one in this State.

The primary question in this case which is open for discussion is, whether a foreign corporation may engage in the business of purchasing and selling lands in this State and convey an indefeasible title to lands acquired for the purposes of speculation. Every State has the right to prescribe what persons and corporations may or may not hold or convey lands within its borders, to what extent, and for what purpose they may be held and conveyed. Who may acquire lands, for what purposes, in what quantities and the tenure by which they may be held is not regulated by the rules of comity existing between States, but by the local law of the State in which the lands are situated. (*United States* v. *Fox*, 94 U. S. 315; *Christian Union* v. *Yount*, 101 id. 352.) In the case last cited it was held, "for, besides the admitted incapacity of a corporation of one State to exercise its powers in another State except with the assent or permission, expressed or implied, of the latter, it is a principle as inviolable as it is fundamental and conservative, that the right to hold land, and the mode of acquiring title to land, must depend altogether on the local law of the territorial sovereign." This is in harmony with the decisions of the Court of Appeals in this State. (*People* v. *Fire Association of Philadelphia*, 92 N. Y. 324.)

In the case last cited it was said : " The constitutional difference between the rights of non-resident individuals and foreign corporations is fundamental and apparent. The citizen of another State has a constitutional right to come within our jurisdiction. The charter of the nation has secured him that right, and we cannot exclude him nor clog his right with conditions, unless in exceptional cases under the police power. But foreign corporations, artificial beings, the product of a law not our own, have no constitutional right to pass their own borders and come into ours. The Federal Constitution has neither granted nor secured any such right. We may exclude absolutely, and in that power is involved the right to admit upon such conditions as we please. Until they are within our jurisdiction the final clause of article 14, by its own terms, does not apply."

This brings us to the question whether a foreign corporation may, under our general laws, purchase and hold lands within this State which are not necessary for its business, and which have not been acquired in securing the payment of any debt due to it. The first general statute passed in this State in respect to the right of foreign corporations to acquire and convey lands, to which our attention has been called, or which we have been able to find, is chapter 158, Laws of 1877, which provided: " Section 1. It shall be lawful for any corporation, duly organized under the laws of any State in which such corporation shall be located, to purchase under any foreclosure sale based upon any mortgage or mortgages owned by such corporation, or upon judgments or decrees obtained or rendered for debts due to it, or in any settlement effected to secure such debts, any of the lands lying within this State that may be covered by or subject to such mortgages, judgments, decrees or settlements, and also, to hold for a term not exceeding five years from the date of such purchase, and to convey such lands by deed or otherwise, in the same manner as though such corporation had been organized under the laws of and located within this State."

The provisions of this act are re-enacted in section 18 of chapter 687 of the Laws of 1892, known as " the General Corporation Law." Section 1 of chapter 450 of the Laws of 1887, which is substantially re-enacted in section 17 of " the General Corporation Law," provided: "Any foreign corporation created under the laws

of the United States, or of any State or Territory thereof, and doing business in this State, may acquire such real property in this State as may be necessary for its corporate purposes in the transaction of its business in this State, and convey the same by deed or otherwise in the same manner as a domestic corporation."

The foregoing are the only general statutes of this State authorizing foreign corporations to acquire, hold and convey land within this State, or which recognize their right so to do. It is urged that the statute last quoted is broad enough to authorize a foreign corporation to take, hold and convey real estate within this State as a business and for the purposes of speculation. This we do not think was the intent or purpose of the act, but are of the opinion that the law-making power simply intended to authorize a foreign corporation to take, hold and convey such land within this State as should be incidentally necessary or convenient for the transaction of such business as the corporation is authorized to carry on within this State. The statute first cited (now section 18 of the General Corporation Act) limits the time to five years in which foreign corporations may retain lands which they have acquired in the payment of debts due it. This seems to negative the idea that a foreign corporation has the unlimited right to take, hold and, for an indefinite period, convey any lands within this State except such as are necessary for and incidental to its business.

The numerous special acts of the Legislature of this State found in our Session Laws, authorizing certain foreign corporations to acquire lands, by purchase or devise, show, we think, that it is contrary to the policy of this State to permit such corporations to take, hold and convey lands in this State without being specially authorized so to do.

The fact that a foreign corporation is authorized by the laws of the State under which it was incorporated to take lands by devise, does not give it the right to take lands by devise in this State. ( *White* v. *Howard,* 46 N. Y. 144; *United States* v. *Fox,* 94 U. S. 315, affg. *Matter of Will of Fox,* 52 N. Y. 530; 63 Barb. 157.)

The policy of this State, from the time of its organization to the present, has been firmly opposed to the right of corporations, created under its own laws, to take, hold and convey an unlimited amount of land, the amount that may be acquired, held and conveyed being

limited by general laws, or by the acts under which the corporations were created. Under chapter 40 of the Laws of 1848, as amended, corporations may be formed for purchasing, holding, improving and conveying real estate, but the amount which they may hold is limited to $1,000,000, unless the corporation is organized for the purpose of erecting in a city a building to be rented for offices and stores. (Chap. 508, Laws 1890.)

If the defendant may legally acquire, hold and convey land in this State at pleasure there is no limitation upon the amount which foreign corporations may acquire and convey, except their ability to purchase and pay for lands. We think it is contrary to the policy of this State to give to foreign corporations the unlimited right to take and hold lands in this State, and that the title of the defendant is not indefeasible, but it is subject to be forfeited by the State. Until it is the defendant holds a defeasible title. If the defendant conveys its grantee takes the same title, a defeasible one, at the will of the State. (*Runyan* v. *Coster*, 14 Pet. 122; *National Bank of St. Louis* v. *Matthews*, 98 U. S. 621; *Wright* v. *Sadler*, 20 N. Y. 324.) The title, subject to the right of the State to defeat it, being in the corporation, it is plain that its shareholders have no legal estate in the lands, and the judgments recovered against William H. Crawford are not a lien upon it.

Both questions submitted must be answered in the negative and judgment directed accordingly, with costs in favor of the plaintiff and against the defendant.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment ordered as directed in opinion, with costs in favor of the plaintiff and against the defendant.