1. REAL ESTATE—CONVERSION—INTEREST OF MINOR HEIR.
   Where the supreme court has declared moneys representing an infant's share in real estate as an heir at law to remain real estate while in the hands of her guardian, they continue such until her own death where she dies before majority, and are still real estate in the hands of her administratrix.

2. SAME.
   Where an executor has discretionary power of sale, it does not equitably convert the proceeds of the realty sold by him, and representing an infant's share in the real estate as heir at law, into personalty.

3. SAME.
   Proceeds of realty sold by an executor cannot be converted into personalty until they have reached the hands of a person having the whole beneficial interest and legal capacity to elect.

4. SURROGATE—JURISDICTION.
   The surrogate has no jurisdiction to settle the rights of heirs in real estate or its proceeds, or to divide the proceeds according to the laws of descent.

5. ADMINISTRATRIX—COMMISSIONS.
   Where administratrix of infant has included money coming into her hands, representing an infant's share in real estate, but remaining real estate, in her account, it will be stricken out, and no commissions thereon allowed the administratrix.

Proceedings in the matter of the settlement of the accounts of Charlotte McKay, administratrix of Inez McKay.   Decree rendered.

D. M. Darrin, for Charlotte McKay, individually and as administratrix.

E. C. Smith, special guardian of infant parties.

R. R. Lyon, special guardian of Murray McKay, an incompetent person.

WHEELER, S.   In these proceedings the administratrix has filed her account, and, among other things, has charged herself with the proceeds of the sale of real estate, to wit, with proceeds of real es-

tate, $3,637.68, and interest thereon from September 25, 1898, $593.
40; total, $4,231.08; also with another item of proceeds from the
sale of real estate of $2,235.39, and interest thereon, $67.06; total,
$2,302.45. It is claimed and urged on the part of counsel for the
administratrix that these two items and interest thereon are still
real estate; and that the amounts thereof should be distributed by
this court according to the law of descent; and the counsel for the
administratrix claims that this court has the power to decree the
division of such proceeds as real estate according to the law of descent. Mr. R. R. Lyon, special guardian and committee of Murray
McKay, and Mr. E. C. Smith, special guardian of the minor parties
herein, claim and argue that these two items and the interests thereon are personal property, and that this court should distribute the
same in accordance with the law of distribution of assets. They admit, and the evidence clearly shows, that these proceeds are the
avails of the sale of real property belonging to the said Inez McKay,
and which she became the owner of while she was a minor, and
that she died before her arrival at the age of 21 years; but they
claim that by the terms and provisions of the last will and testament
of Hiram McKay, deceased, and by the exercise of the power of
sale therein given to the executor of the said will, the said proceeds,
under the rules of equitable conversion, became personal property,
and were such when they reached the hands of the administratrix.
And they further claim that if the said will, and the exercise of the
power of sale, did not so convert the proceeds into personal property, then the nature of it was changed by the act of the guardians
of the property of the infant, and also by the act of the said administratrix, and also from the effect of a certain decree made by this
court, which will be hereafter mentioned.

In order to get a clear understanding of this case, a brief review
of the facts as they appear from the record evidence will be necessary. Hiram C. McKay died at Addison, N. Y., November 18, 1889,
leaving his last will and testament, naming Chas. W. Gillett as his
executor and trustee thereof. This will was duly proven and admitted to probate as a will of real and personal property on January 4, 1890, by this court, and Charles W. Gillett was duly appointed executor in pursuance of said will, and duly qualified and entered upon the discharge of his duties as such on January 4, 1890.
Thereafter an action was brought by the said Charles W. Gillett, as
executor, etc., in the supreme court to obtain a construction of said
will, and the parties to this proceeding and the said Inez McKay
were made parties to that action. That in said action a judgment
and decree were duly made and entered May 19, 1890, construing
said will; and said judgment became binding upon all of the parties
to said action, and has never been set aside, modified, or reversed.
The said will attempted to make a trust. By the judgment in that
action for the construction of said will it was adjudged, among other
things, that all the real estate owned by the said Hiram McKay at
the time of his death, except the homestead, upon his death vested
in his heirs at law, H. K. McKay, Murray McKay, and Inez McKay,
each one-fourth thereof, and Prudence McKay and Carrie McKay,

each one-eighth thereof; all subject to the dower of Charlotte Mc-
Kay, and subject to the power of sale given to the executor. And
by the eighth paragraph of said judgment the power of sale to the
executor and another was sustained; but the trust therein attempt-
ed to be created was declared null and void and practically cut out
of the will. After this judgment was entered, in pursuance of the
terms of said will the said Charles W. Gillett, as executor, etc., sold
some of the real estate of said Hiram C. McKay, deceased, and there-
after, and on November 11, 1895, the said executor made an ac-
counting of the proceeds of the sale of the said real estate; and a
decree was duly entered by this court distributing such proceeds and
decreeing that said Inez McKay was the owner of, and awarding to
her, the sum of $3,637.68 of the said proceeds. At this time Latti-
mer & Winton, of Addison, N. Y., were the general guardians of
the property of the said Inez McKay, and this sum of $3,637.68 was
paid over to the said guardians on January 6, 1896, and was by them
invested in bonds and mortgages for the benefit of their said ward,
Inez McKay; and while the said guardians were in office and hold-
ing the said bonds and mortgages the said Inez McKay died in-
testate and under the age of 21 years, to wit, on September 25, 1898,
she being at the time of her death under the age of 18 years. There-
after, and on December 20, 1898, the said Charlotte McKay was duly
appointed administratrix, etc., of Inez McKay, deceased, and the said
Lattimer & Winton transferred the said bonds and mortgages to
the said Charlotte McKay as such administratrix; the said guard-
ians evidently considering that the same were personal property;
and the said administratrix now has in her hands the said bonds and
mortgages, which have never been mixed with other funds and are
separate and distinct, and are solely to secure the proceeds from the
said real estate proceeds. Thereafter, and on the 27th day of De-
cember, 1899, the said Chas. W. Gillett, as such executor, rendered
a final accounting of the proceeds of the sale of the other real estate,
and a decree was made on that day by this court whereby there was
awarded the sum of $2,235.39 as the share of the said Inez McKay's
estate therein, and the same was directed to be paid to the said Char-
lotte McKay as such administratrix. The question does not appear
to have been raised at all upon this accounting as to the propriety
or impropriety of making this payment to the administratrix. It
seems to have been done as a matter of course, and the question
as to whether it was real or personal property was not raised, so far
as the evidence in this proceeding or the records produced in evi-
dence show. Charlotte McKay received the same on January 12,
1900, and placed the same in a certificate of deposit on that day,
made payable to her as such administratrix, and the same has been
kept separate from other funds, bearing interest at the rate of 3
per centum per annum. It appears that when Charlotte McKay
made a petition for her appointment as administratrix of the per-
sonal estate of Inez McKay, deceased, she included these two funds
in making up her estimate in said petition of the quantity of personal
property left by the said Inez McKay, deceased; and also her bond
as administratrix was increased in amount to the extent of the amount

of these two funds, the proceeds from said real estate; and also that when she made and filed her inventory she included these said proceeds and the interest as assets of the estate of said Inez McKay, deceased, but explicitly states in said inventory that the same were proceeds from the sale of her real estate and the interest thereon. It seems to have been kept distinct from the personal property of the said Inez McKay, and she mentioned the same, whenever she had occasion to mention them in papers, as the proceeds from real estate; but it does not appear until recently that the question of whether these proceeds still remained real estate or personal property was considered.

The will of Hiram C. McKay, deceased, did not, of itself, because of the trust therein which he attempted to create, or because of the power of sale therein contained, convert the real estate into personal property. The said judgment and decree of the supreme court in the action to construe the will is conclusive on that point, for it explicitly adjudged and decreed that the said real estate descended to the said heirs at law, subject only to the power of sale and to the widow's dower. That being the case, then the same became real estate, without any question, until it was sold by the executor under the power of sale, and said judgment explicitly held that the power of sale was saved; and, independent of the adjudication of the supreme court on the question of whether the will itself converted the real estate into personalty, it seems to us that the decisions clearly show that the will did not do so. The rule of equitable conversion will be presumed only when absolutely necessary to accomplish the lawful purposes expressed in the will. Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625. If the will contains imperative directions to sell, the real estate is converted into personal property at the death of the testator. Doane v. Trust Co., 160 N. Y. 494, 55 N. E. 296; Everitt v. Everitt, 29 N. Y. 39; Hatch v. Bassett, 52 N. Y. 359; Power v. Cassidy, 79 N. Y. 602, 35 Am. Rep. 550; Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585; In re Fox, 52 N. Y. 530–537, 11 Am. Rep. 751. When the supreme court declared the trust void, the will, as then left, required no sale of personal property for any purpose. Had the trust remained and been valid, then the will would have absolutely required the sale of the personal property for the purpose of carrying into effect the trust; but with the trust left out it left a power of sale only, which was not imperative or obligatory, but was a purely discretionary power, and does not effect a conversion of the real estate into personal. See Ger. Real Estate, (4th Ed.) 382. The lands descended to Inez and others, and the title was devested by the sale under the power, but the proceeds remained real estate. Clift v. Moses, 112 N. Y. 426, 20 N. E. 392; Id., 116 N. Y. 144, 22 N. E. 393. That part of the will which created a permanent fund having been adjudged void by the supreme court, so that the will contained no expressed or implied direction to the executor to sell, the power, therefore, became a naked power of sale, which was not mandatory or directory, either expressed or implied, such as the one mentioned in Salisbury v. Slade, 160 N. Y. 289, 54 N. E. 741. Where the power of sale is discretionary with the executor, then there is no conversion from realty to personalty by the exercise of such

power.  McCarty v. Deming, 4 Lans. 440;  Clift v. Moses, supra;
Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367, 15 Am. St. Rep.
400;  Mott v. Ackerman, 92 N. Y. 553;  In re Bingham, 127 N. Y.
296, 27 N. E. 1055;  Ger. Real Estate (4th Ed.) 350;  Gourley v.
Campbell, 66 N. Y. 169;  Parker v. Linden, 113 N. Y. 28, 20 N. E. 858,
861;  In re Bingham, 127 N. Y. 314, 27 N. E. 1055.  With the trust
purpose declared void the power of sale was discretionary with the
executor.  Parker v. Linden, 113 N. Y. 28, 20 N. E. 858, 861;  In re
Gantert, 136 N. Y. 106, 32 N. E. 551.  Where a power of sale is given
to the executor for no special purpose, such power will not make a
conversion.  McCarty v. Deming, 4 Lans. 440;  In re Fox, 52 N. Y.
530, 11 Am. Rep. 751.  It is clear from the foregoing authorities
and from the judgment of the supreme court that the will did not
convert the realty into personalty, and that the power of sale was
discretionary, and its exercise by the executor did not change the
character of the realty to that of personalty, and that the proceeds
rendered by the executor were real estate.  Where real property
is sold the proceeds of the sale remain realty for the purposes of
descent.  Ger. Real Estate (4th Ed.) 362–365;  Gourley v. Campbell,
66 N. Y. 169;  Hobson v. Hale, 95 N. Y. 589;  Clift v. Moses, supra;
Ballou v. Ballou, 78 N. Y. 325;  Parker v. Linden, 113 N. Y. 28, 20
N. E. 858, 861.  If we are right thus far, then the proceeds of these
sales of real estate by the executor were real estate at the time of the
payment of the one fund to the general guardian of the property of Inez
McKay, and at the time of the other payment to the administratrix
aforesaid; and Inez McKay, being a minor, was incapable of changing
these proceeds from realty to personalty.  She never had the legal
capacity to make an election, and the courts hold that the same is
realty until the party is capable of election and takes the amount as
money.  Ger. Real Estate (4th Ed.) 349, and cases there cited; Valen-
tine v. Wetherill, 31 Barb. 655;  Horton v. McCoy, 47 N. Y. 21.  See
Code Civ. Proc. § 2359, which holds that the proceeds of lands of in-
fants sold in pursuance of title 7, c. 17, of the Code, shall be deemed as
real estate;  and if the infant shall die before becoming of age the
supreme court shall distribute the same as assets according to the law
of descent.  In re Woodworth, 5 Dem. Sur. 160;  Shumway v. Cooper,
16 Barb. 556.  The proceeds of sale of lands belonging to infants, or
persons incompetent, continue lands for the purposes of descent until
the disability is removed and they elect otherwise.  Wells v. Seeley,
47 Hun, 109;  In re Woodworth, supra;  In re McComb, 117 N. Y.
378, 22 N. E. 1070.  Now if the minor, Inez McKay, was incapable of
changing the nature of this property from realty to personalty, then
comes the question whether the general guardians of her property
could change the fund which they held, and whether the administratrix
could and did change the fund which was paid over to her, from realty
to personalty.  The guardians could not, nor could Charlotte McKay,
as administratrix.

Courts of equity, in determining between persons claiming con-
verted property by the right of succession, will treat it as property
impressed by the will or act of the party who is the ultimate source
of title (Hiram C. McKay in this instance) with a specific character

75 N.Y.S.—68

different from that in which it is found, and will dispose of it as continuing to possess that character until some one entitled to the whole beneficial interest has elected to take it in the form in which it is found, and has received it under the form of the contract or in execution of the provisions of the will by which the original title to it was created. Ger. Real Estate (4th Ed.) 348. A court of equity will not devest property of the character which it finds it impressed with, except at the instance of some party having a whole beneficial interest, and who has a right to convert it himself from one form to another, and who is of legal capacity to make an election. Id. 349. Now Inez McKay never had the legal capacity to make an election, as she was a minor. Lattimer & Winton did not have the whole beneficial interest. They were only guardians, and they could not change the character or nature of the fund in their hands. Charlotte McKay, as administratrix, did not own the whole beneficial interest. She had no right to say, as against those for whom she held the property, that it would be personalty or realty. If she held it as administratrix at all, she held it as trustee for different persons, some of whom might wish it one way, and some of whom might wish it another way, and she certainly could not change the character of the funds which came into her possession. The fact that Charlotte McKay treated these proceeds and the interest thereon as assets in making her petition, bond, and inventory did not change the character of the proceeds; nor did it estop her from now claiming the same to be real estate. Designating real. estate as personal property does not make it so. In re Woodworth, 5 Dem. Sur. 156–160; Code Civ. Proc. § 2472; Shumway v. Cooper, 16 Barb. 556. In Re Woodworth, the decedent died an infant intestate, leaving, her surviving, a mother and three sisters. During the lifetime of the said infant certain land which she owned was sold in proceedings instituted for that purpose, and the proceeds of the sale were paid to the county treasurer. After her death the administrator assumed the proceeds to be personal property, and obtained an order directing it to be paid to him, and included the amount in his inventory, and paid the bulk thereof to the decedent's mother, and paid $50 out of the same on account of funeral expenses; and upon the judicial settlement of the administrator's accounts it was held that, notwithstanding the administrator's inventorying these proceeds as personal property, and notwithstanding an order of the court was made directing these proceeds to be paid to him as administrator, that the money was nevertheless real property, and retained its character as such, notwithstanding all of the acts of the administrator in respect thereto. And the case of Shumway v. Cooper is substantially the same. Therefore the court cannot resist the conclusion that the said two funds are still real estate, and that the will of Hiram C. McKay, or the exercise of the power of sale thereto, did not convert said realty into personalty; that Inez McKay was incapable of changing its character; that the general guardian of her property, and the said administratrix, did not have the whole beneficial interest in the funds, and they could not elect to make the same personal property; that Charlotte McKay has not individually

estopped herself from claiming the said funds as realty; therefore the amount of the two funds should be stricken from the account of the said administratrix, and the commissions which she has computed on the said amounts should also be stricken out; and that the other items of the account, debit and credit, should be allowed.

Now it is claimed by the counsel for the administratrix that, if this court shall conclude that the said proceeds are realty, the court has jurisdiction to divide the same. The counsel for the minors in this proceeding contends that the court has not jurisdiction or power to divide the same, if the said funds be realty. It was clearly held in the case of In re Woodworth, 5 Dem. Sur. 156–160, and in the case of Shumway v. Cooper, 16 Barb. 556, that this court has no authority to inquire into or settle the rights of the heirs at law to property in the hands of an executor or administrator; and the funds in question, considered by those two cases, were proceeds of the real estate belonging to infants; and each of those cases held that the said funds were impressed with their original character, and while they came into the hands of the administrator, and were treated as personalty, nevertheless they were realty, and that the same went to the heirs at law of the infants, and not to the infant's representatives. Therefore we have come to the conclusion that this court cannot divide the said two funds, and must content itself with striking it out of the accounts of the said administratrix. If this court has no power or jurisdiction to divide the proceeds of real estate which remain realty, then, of course, the decree of this court directing the payment of one of the said funds to the administratrix was void for lack of jurisdiction, and so was the decree of this court ratifying the payment by the general guardians of the property of the said Inez McKay to the said administratrix void. While the court had jurisdiction of the parties, it did not have jurisdiction of the subject-matter, and the general guardians should have paid the fund to Charlotte McKay individually, she then being one of the heirs at law of Inez McKay, deceased, and as such a life tenant of the said proceeds; and this court also should have directed the payment of the other funds to the said Charlotte McKay individually, as such heir at law; but it is due the former surrogate to say that none of these questions of jurisdiction were raised, nor was the question of the character of these proceeds raised or discussed before him; and it is apparent that his attention was not called to the questions which are so sharply raised in these proceedings, and which have been so thoroughly discussed by the counsel.

Let a decree be made and entered striking out the amount of the proceeds of the sale of the real estate of Inez McKay, deceased, and the interest thereon, as charged in her account, and striking out the commissions computed upon said amounts. Decreed accordingly.