(83 App. Div. 403.)

CHADEAYNE v. GWYER et al.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1 EXECUTION—SUPPLEMENTARY PROCEEDINGS—RECEIVER—DEBTOR'S REALTY
    —RIGHT TO CONVEY.
        Code Civ. Proc. § 2464, authorizes the appointment in supplementary proceedings of a receiver of the debtor's property. Section 2467 requires the order of appointment to be filed with the clerk of the county where the judgment roll is filed. Section 2468 vests the debtor's property in the receiver from the filing of the order, except that "real property is vested in the receiver only from the time when the order * * * is filed with the clerk of the court where it is situated." By section 2434, supplementary proceedings may be instituted before a county judge, a special county judge, or special surrogate of the county to which the execution is issued. Sections 1430-1478 provide for the sale of real property under execution, with a period of redemption prior to the execution of the deed, during which the debtor retains possession. 1 Rev. St. p. 738, pt. 2, c. 1, tit. 2, § 137, continued in Real Property Law, § 208, provides that every grant of a fee or freehold shall be subscribed and sealed by the grantor or his lawful agent. Held, that a receiver appointed in supple-

mentary proceedings takes only the right of possession of the debtor's realty, and does not take title thereto, and cannot sell and convey the same.

Appeal from Special Term, New York County.

Suit by Henry W. Chadeayne, as executor, etc., against Christopher Gwyer, Hermine B. Straus, and Joseph Ullman, as receiver of the property of Christopher Gwyer, and others. From an interlocutory judgment directing a partition of real property, and determining the interests of the parties therein, Hermine B. Straus and Joseph Ullman appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Benjamin N. Cardozo, for appellants.
Howard Thornton, for respondent Edgar L. Gwyer.
Clarence L. Barber, for respondent Brown.

INGRAHAM, J. This action was brought for the partition of real property, and the trial resulted in an interlocutory judgment in which it was determined that the defendants Hermine B. Straus and Joseph Ullman, as receiver of the property of Christopher Gwyer, had no interest in the premises; and from that decision Hermine B. Straus and Joseph Ullman, as receiver, appeal.

Christopher Gwyer was the owner of the property described in the complaint. He died April 19, 1873, leaving a last will and testament, by which this real property was devised to trustees for the life of his wife, Mary A. Gwyer, who died January 11, 1901, with a vested remainder in one-sixth of said property to his son Christopher Gwyer. On the 2d of June, 1880, Moses Straus recovered a judgment against Christopher Gwyer, the son of the testator, for $15,000, which was duly docketed in the office of the clerk of the city and county of New York; and thereafter an execution upon said judgment was issued to the sheriff of the county of New York, where the said judgment debtor then resided. After the issuance of this execution, and prior to its return, the judgment creditor obtained an order requiring the judgment debtor to be examined in proceedings supplementary to execution, pursuant to the provisions of the Code of Civil Procedure. The affidavit upon which this order was obtained stated that the defendant was the owner of an interest in real property. The judgment debtor, upon an examination held under this order, testified that he was the owner of an interest in remainder in real property, subject to a mortgage to secure the payment of $9,800. Thereafter, and at the close of the examination, upon notice to the judgment debtor, the justice before whom the examination was had granted an order whereby H. Crosswell Tuttle was duly appointed receiver of "all the real estate, debts, property, equitable interests, rights, and things in action of the said judgment debtor, Christopher Gwyer." This order was filed and recorded in the office of the clerk of the county of New York, and Tuttle duly qualified as receiver. In November, 1882, Tuttle died; and on the 10th day of January, 1885, on application of the judgment creditor, upon notice to the judgment debtor, the defendant Ullman was appointed receiver of all the "real estate, debts,

property, equitable interests, rights, and things in action" of the said judgment debtor, by a justice of the Supreme Court; and this order was on the 10th day of January, 1885, filed in the office of the clerk of the county of New York, and Ullman duly qualified as receiver. No further action was taken by either the judgment creditor or the receiver until May 25, 1900, when the receiver offered the interest of the judgment debtor, Christopher Gwyer, in the real estate described in the complaint, for sale at public auction; describing such real property by the same description as it is described in the complaint in this action. At such sale the appellant, Hermine B. Straus, was the highest bidder, and the receiver executed and delivered to her a deed of the property. The trial court decided that:

"The said receiver's sale, and the deed delivered thereunder, conveyed no title to said real estate, and the defendant Hermine B. Straus acquired no title to or interest in such real estate by reason thereof; and the defendants Moses Straus, Hermine B. Straus, and Joseph Ullman, as receiver, etc., of Christopher Gwyer, had not, nor had either of them, at the time of the commencement of this action, nor have they now, nor has either of them, any ownership in or lien upon the said lands and premises."

Subsequent to the appointment of the receiver, other judgments were recovered against Christopher Gwyer. On June 23, 1897, the defendant Charles Brown recovered a judgment against him for $11,010.46, which judgment was duly docketed in the office of the clerk of the county of New York. Thereafter an execution was issued upon said judgment to the sheriff of the county of New York, who, under said execution, sold all the right, title, and interest that the defendant Christopher Gwyer had on the 23d day of June, 1897, or at any time thereafter, in and to the real property described in said complaint, to the defendant Charles Brown, who received from the sheriff a certificate of sale, and subsequently the sheriff executed and delivered to him a deed of the property; and it was determined by the court that such sale was in all respects regular, and that the defendant Charles Brown acquired and became the owner of the undivided sixth in the said real estate which formerly belonged to the defendant Christopher Gwyer, in fee simple, subject to the lien of certain specified mortgages and judgments.

This order appointing the receiver did not, in express terms, purport to vest in him the title to the real property of the judgment debtor. No conveyance was made by the judgment debtor to the receiver, and the receiver acquired no other title than that which, by the provisions of the Code, was vested in him. The authority to appoint a receiver in supplementary proceedings is given by sections 2464 to 2471, inclusive, of the Code of Civil Procedure. Section 2464 provides that:

"At any time after making an order requiring the judgment debtor, or any other person, to attend and be examined  *  *  *  the judge to whom the order or warrant is returnable may make an order appointing a receiver of the property of the judgment debtor."

Section 2467 provides that:

"An order appointing a receiver, or extending a receivership, must be filed in the office of the clerk of the county wherein the judgment roll in the action is filed."

Section 2468 provides that:

"The property of the judgment debtor is vested in a receiver who has duly qualified from the time of filing the order appointing him, or extending his receivership, as the case may be; subject to the following exceptions: (1) Real property is vested in the receiver only from the time when the order, or a certified copy thereof, as the case may be, is filed with the clerk of the county where it is situated."

Section 2469 applies only to personal property. By section 2434 of the Code, these proceedings may be instituted "before a judge of the court out of which, or the county judge, the special county judge, or the special surrogate of the county to which the execution was issued." The only provision of the Code which expressly applies to real property is subdivision 1 of section 2468, and there is no express provision which transfers the title of real property from the judgment debtor to the receiver.

The receiver is the receiver of the property of the judgment debtor, and the real property of the judgment debtor vests in him upon the order appointing him being filed in the office of the clerk of the county in which such real estate is situated. The order appointing the receiver, however, is an order of a judge, not of the court, although the court of which he is judge has no jurisdiction to determine questions relating to real property, or to make any judgment affecting its title. It could hardly be supposed that the Legislature, by this general provision, could have intended, if it had the power, to transfer the title to real property from a judgment debtor to a receiver. Courts of equity having general jurisdiction in actions relating to real property have power to appoint officers to convey the title of the property which is the subject of the action, and there are express provisions of law by which a conveyance made by a referee thus authorized is sufficient to transfer the title of the parties to the action; and provision is made for the sale by a sheriff under an execution against the real property of a judgment debtor, and for the application of such real property to the payment of the judgment. The provisions for a sale of real property under an execution are found in sections 1430 to 1478 of the Code, inclusive; but by a sale under these sections the judgment debtor is not divested of the title to the property until the expiration of the period within which it can be redeemed, and the subsequent execution of the sheriff's deed, and during that period the owner of the property is, by section 1441 of the Code, entitled to the possession of the property. These provisions for enforcing the application of real property to the payment of a judgment would be quite unnecessary if the real property of the judgment debtor vested in a receiver appointed in supplementary proceedings, which he could sell, and of which he could convey a good title. These various provisions are entirely consistent, if the effect of the appointment of the receiver were to vest in him the right of possession that the owner had, subject to its being divested by a sale under an execution.

By the provisions of the Revised Statutes (1 Rev. St. [1st Ed. p. 738, pt. 2, c. 1, tit. 2, § 137), "every grant in fee, or of a freehold estate shall be subscribed and sealed by the person from whom the estate or interest conveyed is intended to pass, or his lawful agent." And this

provision has been continued by section 208 of the real property law (chapter 547, p. 593, Laws 1896). All of the various provisions of the Code and Revised Statutes in relation to a conveyance or transfer of title to real property are inconsistent with an intention to divest the owner of real property of the title, and transfer it to a receiver, in such a summary way as is indicated by the construction sought to be given to this section of the Code; and they can all be made harmonious by construing the interest in the property that vests in the receiver in supplementary proceedings as being a simple right to possession, or a right to receive any money that grows due thereon, and not a change of title.

It is somewhat surprising that this question does not seem to have been directly presented in any reported case. Whenever the question of the title of such a receiver to the real property of a judgment debtor has been presented, however, the power of a receiver to sell real estate or to transfer its title has been expressly repudiated. In Nat. Bank v. Bussing, 147 N. Y. 665, 42 N. E. 345, the position of the receiver was stated by the court as follows:

"The position of the present receiver is that by filing and recording in Westchester county, in the autumn of 1876, the order appointing the original receiver, vested in the latter the legal title of the judgment debtor, and that the subsequent sale by the executrix of the judgment debtor of his interest in the property to Valentine was a nullity; that the legal title passed from the original receiver to the present receiver by virtue of the order of March 20, 1894, to which reference has already been made."

The court then say:

"We think this position is unsound, and arises from a failure to apprehend the proper functions of a receiver appointed in proceedings supplementary to the execution. It is true, the Code of Civil Procedure provides (section 2468) that on filing the order appointing the receiver, or a certified copy, in the county where the property is situated, the real property is vested in the receiver. This section, however, is to be read and construed in connection with the other provisions of the statute, and cannot be taken literally. It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution, and takes no such absolute title to real estate as would enable him to sell it, when it is subject to the lien of judgments, and can be sold under executions issued thereon in the manner pointed out by statute, and subject to all rights of redemption. The receiver's title to the real estate is a qualified one—in the nature of a security for the plaintiff in the judgment. It does not divest the debtor of the legal title, but the latter's conveyance of the premises would be subject to the claim of the receiver."

It was also held in that case that, as the creditor had the right to proceed under the execution and sell the real property of the judgment debtor, and had suffered his remedy at law to lapse, all equitable remedies were cut off, and that after the expiration of 10 years, during which time the judgment was a lien upon the premises, the right of a receiver to interfere with the property was at an end, and his interest therein ceased.

In I. & T. Nat. Bank v. Quackenbush, 143 N. Y. 567, 38 N. E. 728, it was held: That these proceedings "supplementary to execution are remedies in equity for the collection of the creditor's judgment, and were intended as a substitute for the creditors' bill, as formerly used in chancery. In such cases it was the settled rule that unless

the creditor had exhausted all his remedies at law, or in case he was not in a position to avail himself of all the ordinary remedies which courts of law gave for the enforcement of judgments, the bill in equity could not be maintained, and would be dismissed. The creditor must pursue his remedy at law to every available extent before he can resort to equity for relief." That a court of equity will never appoint a receiver for the purpose of doing for the creditor what he may do for himself, and, as he could not sell the real estate of the judgment debtor under an execution, no right to sell that real estate could pass to a receiver appointed in the proceeding.

We think the fair construction of this section of the Code limits the interest that the receiver takes to a right to possession as a means of satisfying the plaintiff's judgment; that that right to possession is subject to a valid sale of the property under an execution regularly issued; that upon a sale under execution, and delivery of a deed thereunder, the right of possession of a receiver is terminated; and that at the end of the 10 years from the docket of the judgment, when the judgment ceases to be a lien upon the property, whatever interest or right of possession was vested in the receiver is at an end.

These views make it unnecessary to examine the other questions argued on this appeal. It follows that the judgment appealed from must be affirmed, with costs. All concur.