Matter of the Judicial Settlement of the Account of Proceedings of JABEZ M. LYLE and CORNELIUS DOREMUS, as Executors of the Last Will and Testament of MARY A. KISSAM, Deceased.

*(Surrogate's Court, Kings County, November, 1903.)*

LEGACY—WHEN SPECIFIC—DISPOSITION OF DAMAGES, FOR INJURIES TO REAL PROPERTY CONDEMNED, AS BETWEEN THE OWNER AND HER DEVISEE.

A bequest of eighty-two shares of stock followed by the words "whereof fifty (50) shares, which are now pledged as collateral for a note, shall be released by executors (of the testatrix) from said pledge immediately upon my death if they shall not have been released before my death" constitutes the legacy specific, as the testatrix evidently had in mind specific shares some of which were pledged; and this construction is confirmed where she in another part of her will directs her executors to pay the note so that the collateral may be given to the legatee.

*Semble*, that damages, awarded by a final order entered under the Condemnation Law to a testatrix before her death for injuries done by an elevated railroad to her real property abutting on a street, but paid after her death, belong to her residuary estate and not to her devisee of the property.

Proceedings upon the judicial settlement of the accounts of executors.

Charles O'Sullivan, for executors; James W. McElhinney, for Elsie K. Easton.

CHURCH, S.—The question raised is whether the bequests referring to certain shares of stock is to be regarded as general or specific bequests. The paragraph of the will in question giving this stock is as follows: "*Ninth*. I give and bequeath to my granddaughter, Elsie Kissam Easton, eighty-two (82) shares of the New York Central and Hudson River Railroad

Company, whereof fifty (50) shares, which are now pledged as collateral for a note, shall be released by executors from said pledge immediately upon my death if they shall not have been released before my death."

Whether a bequest of stock or bonds is to be regarded as a general or specific legacy depends upon the provisions of the will in question. It has been held that if the stock is referred to in some specific manner, such as the numbers of the same, that it will be regarded as a specific bequest. If, on the other hand, there is simply a bequest of stock in a corporation, without any particular description of the stock, then it is to be regarded as a general bequest. Matter of Caroline R. Stephens, Surrogate's Court, Kings Co.

If in the will in question the testatrix had stopped after the words " New York Central and Hudson River Railroad Company " there is no question that this would have been regarded as a general bequest, but the remainder of the section refers evidently to specific shares of stock held by her, because she states that fifty shares of such stock are now pledged as collateral, and further contains the direction that the executors, in the event of the testatrix not having released such stock from such pledge, shall proceed to release the same. This indicates the intention on the part of the deceased that this specific stock should go to the legatee in question, and this is confirmed by the twenty-second paragraph of the will, which, in addition to the ordinary provision providing for the payment of debts, contains the specific provision that the executors should immediately pay a certain note for which fifty shares of the New York Central Railroad Company are pledged as collateral, so that such stock shall be released and be given to her granddaughter Elsie Kissam Easton. This provision of the will should, therefore, be regarded as a specific legacy, and the executors should act accordingly.

Submitted with the papers is a request that the court decide

whether damages awarded prior to the death of the testatrix for injuries done by the elevated railroad to certain property owned by the deceased should be given by the executors to the devisee to whom the property is specifically devised, or whether these damages are part of the residuary estate, the damages not having been actually paid until after the death of the testatrix.

No particulars are given to the court accompanying this request, nor is there any memorandum or brief by any of the parties interested upon the subject. I, therefore, am deprived of a full knowledge of the particulars, and can only pass upon what I assume is the situation, judging from the meager statements submitted to me.

As it is stated that the damages were awarded prior to the testatrix' death I assume that the condemnation proceedings and report, and the judgment, have been duly entered, awarding damages to the testatrix. By the provisions of the Condemnation Law, as contained in the amendment of the Code, section 3371, it is provided that after the report of the commissioners is confirmed a final order shall be entered in the proceedings directing that compensation shall be made to the owners of the property. Where this is done I take it, therefore, whether the money is actually paid or not, that instantly that order is entered it becomes a judgment in favor of the person named therein, and that it is not to be regarded in any way appurtenant to or attached to the real property which has been condemned.

Accordingly this award goes into the residuary estate of the deceased, and a devise of the property abutting on the street does not carry with it the right to collect this award.

Decreed accordingly.