## VAN LOAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   June 9, 1905.)

1. JUDGMENTS—LIEN—DURATION.

Laws 1887, p. 396, c. 320, § 4, requiring the mayor, etc., of the city of New York to pay awards in condemnation proceedings within four months after the confirmation of the commissioners' report, and authorizing a suit to recover the award in default of such payment, stays, for four months, the enforcement of the lien of a judgment upon the award, within the meaning of Code Civ. Proc. § 1255, providing the time during which a judgment creditor is stayed, by express provision of law, from enforcing a judgment, is not a part of the 10 years by which the lien of the judgment is limited by Code Civ. Proc. § 1251.

2. EMINENT DOMAIN—AWARD—SUBJECTION TO JUDGMENT LIEN.

An award, made for the taking of real property in condemnation proceedings, takes the place of the land, and remains subject to mortgage or judgment liens to which the land was subject, and is payable to a receiver appointed in supplementary proceedings on a judgment against the owner of the land.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Henry F. Van Loan against the city of New York. From an interlocutory judgment (92 N. Y. Supp. 734) overruling a demurrer to the defense set up in the answer, plaintiff appeals. Affirmed.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. L. Mathot, for appellant.
F. J. Byrne, for respondent.

PATTERSON, J.  The plaintiff was the owner, as tenant in common, of an undivided one-fourth part of certain real property described in the complaint herein.  On the 14th of July, 1896, proceedings were instituted by the mayor, aldermen, and commonalty of the city of New York, the predecessor of the present city of New York, to acquire title to lands and tenements in the Eleventh Ward of the city of New York for the purpose of a public park, and amongst the parcels of land embraced in the proceedings was the property described in the complaint.  An award was made to the plaintiff for his interest in the property, and it was confirmed on the 13th day of June, 1900.  The plaintiff, claiming to be entitled to the award, after demand upon the comptroller, sued the city for the amount thereof.  The defendant, the city of New York, in answering the complaint, set forth as a distinct defense that it had fully paid and discharged the award to Melvin Stephens, a receiver in supplementary proceedings of the property of the plaintiff.  It also set forth in its answer that the plaintiff did not, at the time of the demand, have any right, title, or interest in or to the award sued upon; that on the 3d day of January, 1891, a judgment had been recovered and duly docketed upon personal service of the summons upon the plaintiff, which judgment was for the sum of $9,-

215.33, in favor of John Wheeler, trustee for Mary E. Palmer, an execution upon which judgment was duly issued to the sheriff, and was returned unsatisfied, and on the 9th day of January, 1891, one Church was duly appointed receiver of the plaintiff in proceedings supplementary to execution; that Church qualified and remained receiver until December 11, 1900, when he resigned, and one Melvin Stephens was appointed in his place and stead as receiver in such supplementary proceedings; that Stephens qualified and filed his bond, and thereupon filed in the office of the comptroller a demand for the payment of the award. The city also alleges in its answer that at the time of the institution of the proceedings Van Loan was seised of the one-fourth interest of the property described in the complaint and for which the award now sued upon was made, and that by virtue of the orders of receivership Church, as receiver, and Stephens, as his successor, became and were as of the dates of their aforesaid orders of appointment, respectively, vested of, in, and to all the property, real and personal, which was of said judgment debtor, Van Loan, and situate within the county of New York at the time the supplementary proceedings were instituted. The plaintiff demurred to the matters thus set up in the answer of the city on the ground that they are insufficient in law, upon the face thereof, to constitute a defense to the action. The demurrer was overruled, and the plaintiff appeals from the judgment entered thereupon.

The principal ground urged in support of the demurrer is that the lien of the judgment upon the real estate of the plaintiff or upon the award had expired by reason of the 10-year limitation contained in section 1251 of the Code of Civil Procedure, by which it is enacted that, except as otherwise specially prescribed by law, a judgment binds and is a charge for 10 years after the filing thereof, and no longer, upon the real property and chattels real which a judgment debtor has at the time of docketing the judgment, or which he acquires at any time afterward and within the 10 years. Interpretation has been given to this provision of the Code as applied to a lien upon property in the hands of a receiver in supplementary proceedings. In Chadeayne v. Gwyer, 83 App. Div. 403, 82 N. Y. Supp. 198, it is said:

"We think the fair construction of subdivision 1 of section 2468 of the Code limits the interest that the receiver takes to the right to possession as a means of satisfying the plaintiff's judgment; that that right to possession is subject to a valid sale of the property under an execution regularly issued; that upon a sale under execution and a delivery of a deed thereunder the right of possession of a receiver is terminated; and that at the end of the ten years from the docket of the judgment, when the judgment ceases to be a lien upon the property, whatever interest or right of possession was vested in the receiver is at an end."

It is not open to doubt that the lien of the Wheeler judgment in this case upon the real estate of Van Loan or upon the award would have ceased at the expiration of 10 years if other provisions of law are not to be taken into consideration as extending the lien. But it is provided by section 1255 of the Code of Civil Procedure

that the time during which a judgment creditor is stayed by express provision of law from enforcing a judgment is not part of the 10 years to which the lien of the judgment is limited. See Matter of Holmes, 131 N. Y. 84, 29 N. E. 1003. The receiver here represents the judgment creditor. He was entitled to the possession of the real estate of the judgment debtor. The judgment was docketed on the 3d of January, 1891. The city paid the amount of the award to Stephens, as receiver, on the 4th day of January, 1901, only a day or two after the 10 years. It is assumed that the 10 years of the existence of the lien of the judgment would have expired at midnight on the 2d of January, 1901 (Aultman & Taylor Co. v. Syme, 163 N. Y. 60, 57 N. E. 168, 79 Am. St. Rep. 565), but there is an express provision of law which continues it beyond the 10 years. That provision is to be found in section 4, p. 396, of chapter 320 of the Laws of 1887, which is "An act to provide for the location, acquisition and construction and improvement of additional public parks in the city of New York," and it enacts that the mayor, aldermen, and commonalty of the city of New York shall within four calendar months after the confirmation of the report of the commissioners pay to the parties entitled thereto the respective sum or sums estimated and reported in their favor, respectively, with lawful interest from the date of confirmation, and in default thereof said persons or parties, respectively, their heirs, etc., may sue for and recover the same, with lawful interest from and after demand. By this provision the right of this receiver to sue for the award was suspended for four months, and during that period of four months, therefore, he was stayed by express provision of law from enforcing the lien of the judgment upon the award. That being so, the provision of section 1251 of the Code of Civil Procedure does not apply. These considerations distinguish the case at bar from Chadeayne v. Gwyer, supra.

It is contended, however, that the payment made by the city to the receiver of the amount of the award cannot be recognized, because the award consists of money; that it is personal property, and property acquired subsequently to the appointment of Church, the first receiver; and that the title of Stephens, as Church's successor, related back to such property only as Church might have taken into his possession. That an award made for lands taken under proceedings in eminent domain is personal property is true. It is compensation for the land, and, if the right to compensation accrues to a decedent in his lifetime, it passes to his administrators or executors; but if it accrues after his death the right to it is in the heirs or devisees. Lewis on Eminent Domain, vol. 2, § 320. In the Matter of Seventh Avenue, 59 App. Div. 177, 69 N. Y. Supp. 64, it is said that it is well settled that "an award is not land, and is only treated as land in equity when necessary to adjust the rights of the parties. An award is a claim or right personal to the owner of the land. It is personal property that passes at death to the personal representative and not to the heir"—citing King v. Mayor, 102 N. Y. 171, 6 N. E. 395. But at the same time, where land is

taken for public use, the damages awarded take the place of the land in respect to all the rights and interests dependent upon and incident to it. Utter v. Richmond, 112 N. Y. 613, 20 N. E. 554. The award made for the taking of the plaintiff's real property in the proceedings mentioned in the pleadings herein remained subject to mortgage or judgment liens. The lien of the Wheeler judgment was not destroyed by the conversion of the land into personal property, but was transferred to that personal property, and, that lien having been kept alive by virtue of the provisions of law above referred to, the receiver was entitled to the amount of the award at the time it was paid to him.

The demurrer was properly overruled, and the judgment appealed from should be affirmed, with costs. All concur, except LAUGHLIN, J., who dissents.

LAUGHLIN, J. (dissenting). Wheeler, as trustee, recovered judgment against plaintiff, who then owned the land for which the award was subsequently made. At the instance of the judgment creditor a receiver of the property of the judgment debtor was duly appointed. The real estate was not transferred to him, and consequently, as he only took title to the personal property then owned by the judgment debtor, he took no interest in the land or in the award thereafter substituted therefor, which then became personal property, perhaps subject to the lien of the judgment. The receiver, however, did not take title to the judgment, which belonged to the judgment creditor, nor was he the agent of the latter to receive the award in judgment. His powers and duties were regulated and prescribed by the statute. Payment to him, therefore, did not discharge the plaintiff's lien.