---

(112 App. Div. 241)

LAWRENCE et al. v. BINNINGER et al.

(Supreme Court, Appellate Division, First Department.    April 6, 1906.)

1. WILLS—DEBTS OF TESTATOR—LIABILITY OF DEVISEES.

Under the express provisions of Code Civ. Proc. § 1843, devisees are liable for the debts of the decedent to the extent and value of the real property which was devised to them.

· [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 2141.]

2. SAME—DEBTS OF DECEDENT—RECOVERY FROM DEVISEE—INSUFFICIENCY OF ASSETS—PROOF.

Under Code Civ. Proc. § 1848, relative to the liability of devisees for the debts of decedent, and providing that in an action to recover such indebtedness from devisee it must be proven that the decedent's assets were not sufficient to pay the plaintiff's debt, and that the executor's or administrator's account as rendered to and settled by the surrogate may be used as presumptive evidence, a so-called "intermediate account" of an

executor, filed in the surrogate's court, but not shown to have been settled by the surrogate, or to have been made the basis of any decree, is insufficient to show want of other assets.

3. SAME—INABILITY TO COLLECT FROM EXECUTOR.

Under Code Civ. Proc. § 1848, relative to proceedings to recover the debts of decedents from devisees, and providing that the plaintiff must show that he has been, or will be, unable with due diligence to collect his debt by action against the administrator or executor, etc., a mere showing that a judgment has been obtained against an executor is not sufficient to show that plaintiff will be unable to collect his debt, in the absence of any proof that any attempt has been made to collect the judgment from the executor.

4. SAME—LIABILITY OF DEVISEE—RIGHTS OF CREDITOR—LIEN.

Under Code Civ. Proc. § 1852, relative to the liability of devisees for debts of the decedent, and providing that, if any of the real property which was devised has not been alienated at the time of the commencement of the action against the devisee, the final judgment must direct that the debt of the plaintiff be collected out of that real property, and that such a judgment is preferred as a lien upon that property, the plaintiff in an action against devisees to recover a debt due from decedent is not entitled to a lien on a fund arising from the condemnation of the property which was devised.

5. SAME—PLEADING—IMPROPER PRAYER FOR LIEN.

Where, in proceeding against heirs and devisees to collect a debt due from decedent, the complaint improperly prayed for the establishment of a lien upon the proceeds of the devised land, but also was sufficiently broad to charge defendants as devisees with such property as came to their hands, or its value, the prayer for the lien did not nullify those portions of the complaint which properly sought to charge the devisees personally.

Appeal from Special Term, New York County.

Action by George H. Lawrence and others, as executors of the last will and testament of Elizabeth H. Sias, deceased, against Regina Binninger and others. From a judgment for plaintiffs, the defendant named and others appeal. Reversed and remanded.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

James Z. Pearsall, for appellant Regina Binninger.

Frank Brookfield, guardian ad litem, pro se.

Louis Wendell, Jr., for appellant George F. Binninger.

Henry C. Henderson, for respondents.

HOUGHTON, J. Lizetta Binninger died the 26th day of January, 1900, leaving a last will and testament by which she made her children, the defendants Regina, Lillie, and Ida, residuary legatees and devisees. This will was admitted to probate and letters testamentary issued to Christian Trinks, the executor named therein, February 23, 1900. The real property coming to the residuary estate consisted of two parcels, upon one of which there were two mortgages, the second of which, accompanied by a bond given by testatrix, was held by these plaintiffs. The first mortgage was foreclosed and the property sold; nothing being realized to apply on the plaintiff's mortgage and bond. The other parcel, after the death of testatrix and after title had vested in these defendants as devisees, was condemned by the city of New York for street purposes, and an award was made which, after the payment of the mortgage on the land and taxes and assessments accrued thereon, left a surplus of several hundred dollars, the exact amount of which is not

stated, which at the commencement of this action was on deposit with the comptroller of the city of New York to the credit of these defendants, devisees. Before the trial this fund was directed to be paid into court without prejudice to the rights of any parties thereto, and the action was discontinued as to the comptroller.

The plaintiffs brought action against the executor on the bond which had been given by his testatrix, and obtained judgment against him; but during the three years following the issuing of letters testamentary, in which their claim was a lien against any real property of which the testatrix died seized, they made no application to sell it for payment of debts, or to have the award applied to that purpose. After the three years had expired, and on the 14th of April, 1903, they brought this action against the defendants as devisees to charge them and their equity in the award made in the condemnation proceedings with the payment of such indebtedness. The particular form of relief which the plaintiffs ask is that their claim be declared to be a lien upon the award, treating the fund as real estate, and that they be decreed payment thereof out of the shares of the defendant devisees therein.

Heirs of an intestate and devisees of a testator are liable for the debts of the decedent to the extent and value of the real property which descended or was devised to them. The manner in which, and the conditions under which, they may be charged in an action at law, are regulated by sections 1844 to 1860 of the Code of Civil Procedure. Amongst the conditions are those found in sections 1848 and 1849, which prescribe that in such an action the plaintiff must show that the assets of the decedent's estate were not sufficient to pay his debt, or that the plaintiff has been, or will be, unable with due diligence to collect his claim by proceedings in proper Surrogate's Court, or by action against the executor or administrator, or legatees or next of kin. This condition with respect to their claim the plaintiffs attempted to prove; but we think they failed to do so, and that for that reason the judgment must be reversed.

Section 1848 prescribes that an executor's or administrator's account, as rendered to and settled by the surrogate, may be used as presumptive evidence of lack of assets and inability to collect. The plaintiffs introduced in evidence what is called an "intermediate account" of the executor of decedent's estate, filed in the proper Surrogate's Court. No proof was made that this account was settled by the surrogate, or that any decree was entered thereon. The language of the section is, "account as rendered to, and settled by the surrogate." So far as the record discloses, a paper was found on file in the Surrogate's Court, purporting to be a statement by the executor of Lizetta Binninger that he had been unable to find any substantial assets belonging to her estate. Under what proceeding the account was there does not appear, nor was it settled by the surrogate, evidenced by formal decree or otherwise. It was found on file in the surrogate's office, and was properly received in evidence; but it should have been followed by some proof that the surrogate had passed upon it and settled it as presented, or otherwise. As the proof stood it was a mere declaration of the executor that he had been unable to find any assets with which to pay debts. The executor was not called to show the condition of the estate, and there was

no other proof of this fact. This was a prerequisite to the liability of these defendants as devisees, and to the charging of the real estate which descended to them, or the avails of it arising from condemnation proceedings, if that was chargeable at all.

Nor did the plaintiffs produce any proof sufficient to warrant the trial court in finding that they had been unable, or would be unable, with due diligence, to collect the debt by proceedings in proper Surrogate's Court, or by action against the executor or legatees. They introduced the judgment which they had obtained against the executor, but they failed to show that they had made any attempt to collect it from the executor by calling him to account, or otherwise. The mere obtaining of a judgment against an executor is not sufficient to show that fact.

The appellants urge, in addition to this technical defect, that the plaintiffs cannot maintain their action under any circumstances, because the fund arising from the condemnation proceedings has lost its character of real property and has become personalty by the involuntary sale to the city. Whether this be so or not, or, if so, whether it would affect the ultimate result, we do not feel called upon now to determine.

Actions against legatees and heirs and devisees are very similar in character and in the objects sought to be attained. Legatees are liable, as well as heirs and devisees, and the action is not defeated if one person takes the property in more than one capacity. Code Civ. Proc. § 1860; Matteson v. Palser, 173 N. Y. 404, 66 N. E. 110. Nor does the heir or devisee escape personal liability, if the plaintiff shall so elect, if he has voluntarily aliened the real property which has descended or was devised to him; for he must then respond personally for its value. Code Civ. Proc. § 1854. The prayer of plaintiffs' complaint is wrong, for there is no ground upon which any lien against the fund could be established, and, even if the judgment was to stand, that part of it would necessarily be modified. Where the real property still remains in the devisee or heir, the most that can be done is to direct that the execution be satisfied out of such property. Code Civ. Proc. § 1852. The complaint, however, as amended upon the trial, is sufficiently broad to charge the defendants as devisees with such property as came to their hands, or its value, as all the facts are stated. The prayer for relief does not nullify the complaint in these respects. On the new trial which must be had, if the plaintiff shall succeed, very probably the objections to the present judgment, which we have pointed out, can be obviated.

The judgment should be reversed, and a new trial granted, with one bill of costs, including the disbursements of all, to appellants to abide the event. All concur.