### WENDELL et al. v. BINNINGER et al.

(Supreme Court, Appellate Division, First Department. June 11, 1909.)

1. ATTORNEY AND CLIENT (§ 182*)—COMPENSATION—LIEN.

Under Code Civ. Proc. § 66, giving attorneys a lien upon the client's claim or cause of action, which attaches to the judgment, an attorney who appeared for the owner in eminent domain proceedings had a lien on the award for his services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 401; Dec. Dig. § 182.*]

2. ATTORNEY AND CLIENT (§ 148*)—COMPENSATION—AMOUNT.

Where plaintiff was employed by the guardian of devisees to appear for them in eminent domain proceedings which were instituted against the devised lands, under an agreement to pay plaintiff for his services 10 per cent. of whatever was awarded and confirmed on account of the damage for taking the property, and the court confirmed an award, but directed that incumbrances on the property and back taxes be paid out of it, plaintiff was only entitled to 10 per cent. of the surplus, and not of the gross amount awarded.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 352; Dec. Dig. § 148.*]

3. WILLS (§ 841*)—LIABILITIES OF DEVISEES—CLAIM AGAINST ANCESTOR—LIEN AS AGAINST DEVISEE.

Where defendants' claim against testator was not a lien on real property taken by eminent domain proceedings, the award in which was paid to devisees, and, though defendants obtained a judgment against testator, they did not enforce it within three years after issuance of letters testamentary, they had no lien, legal or equitable, on the damages awarded, the realty being changed into personalty by the award, so that the defendants could only obtain a personal judgment against the devisees to the extent of the property received by them.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2143; Dec. Dig. § 841.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. PROPERTY (§ 4*) — PERSONAL PROPERTY — AWARD IN EMINENT DOMAIN PRO-
CEEDINGS.

The award in eminent domain proceedings is deemed in the nature of
realty only where the rights and interests of the parties are dependent on
the land taken, and is a mere personal claim where no such equitable
considerations exist.

[Ed. Note.—For other cases, see Property, Cent. Dig. § 4; Dec. Dig. § 4.*]

5. COSTS (§ 247*)—ON APPEAL—PERSONS ENTITLED.

Where, in an action to recover attorney's fees for services in eminent
domain proceedings, respondents practically conceded on appeal that plain-
tiff was entitled to 10 per cent. of the surplus of the award, but opposed
such allowance at trial, so that it was necessary for plaintiff to appeal,
but one bill of costs should be allowed, to be divided between plaintiff and
a defendant who also succeeded on appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 951; Dec. Dig. §
247.*]

Appeal from Special Term, New York County.

Action by Louis Wendell, Jr., and another, against George F. Bin-
ninger and others. From the judgment, plaintiffs and defendant Re-
gina Smith appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
HOUGHTON, and SCOTT, JJ.

E. J. Dumphy, for appellant Smith.

Louis Wendell, Jr., for other appellants.

Henry C. Henderson, for respondents.

HOUGHTON, J. Lizetta Binninger died in January, 1900, seised
of certain real property, which by her last will and testament she de-
vised to her children, Ida, Lillie, and Regina, who were then infants,
and of whom George F. Binninger was subsequently appointed gen-
eral guardian. Prior to the decease of the testatrix the city of New
York had begun condemnation proceedings for the opening of the
White Plains Road, and the property devised was a part of the prop-
erty taken in those proceedings. The real property which passed to
the devisees was incumbered by mortgages and back taxes. In April,
1901, the general guardian of the infant devisees retained plaintiffs
to appear as attorneys in such proceedings in behalf of his wards, and
entered into an agreement in writing with them to pay them for their
services "a sum equal to 10 per cent. of whatever shall be awarded,
allowed, recovered, or confirmed on account of said loss and damage"
for the taking of such property, and assigned to plaintiffs such pro-
portion of any award that might be made. Title to the lands taken
vested in the city November 15, 1900, and on November 11, 1902, the
court confirmed an award of $8,408.63 therefor, and subsequently di-
rected that out of this sum the incumbrances and back taxes against
the property be paid, and after such payment there remained a sur-
plus of $1,989.31, which, with interest, was subsequently directed to
be paid into court, subject to the rights of any party. The disposition
of this surplus forms the subject of the present controversy.

Plaintiffs brought this action to establish a lien in their behalf on
this fund to the extent of 10 per cent. of the total award of $8,408.63.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants claim that plaintiffs are entitled only to 10 per cent. on the surplus. The respondents George H. Lawrence and others, as executors of Elizabeth Hyland Sias, deceased, creditors of the testatrix, were made parties defendant. Prior to her death the testatrix became indebted to Mrs. Sias in the sum of $1,500, which indebtedness was not a lien on the real property taken in the condemnation proceedings. The respondent executors brought action against the executors of Mrs. Binninger and secured judgment on their claim, but made no attempt during the three years after the issuing of letters testamentary on her death to sell her real property for the purpose of paying debts. The respondent executors, however, did bring an action, the purpose of which was to have the judgment which they had obtained against Mrs. Binninger's executors declared a lien on the award made to her devisees, and they obtained a decree to that effect, which this court reversed (Lawrence v. Grout, 112 App. Div. 241, 98 N. Y. Supp. 279), and no determination on the new trial ordered has been had. In the present action the defendants Lawrence and others, as executors, pleaded substantially the same facts and asked the same relief that they demanded in their action of Lawrence v. Grout, and the judgment appealed from determines that they have a lien on the award superior to that of the plaintiffs, and directs that their claim be first paid, and the balance applied to that of the plaintiffs.

This disposition of the fund was erroneous. The plaintiffs, as attorneys, had a lien on the fund created by the special proceeding which they instituted for their clients (Code Civ. Proc. § 66), and the respondent executors had no lien at all. The plaintiffs, however, were entitled to a lien only to the extent of 10 per cent. on the $1,989.-31. The devisees were not personally liable to pay the incumbrances on the property, which came to them through the will of their testatrix. They were interested in the property devised only to the extent of the surplus over incumbrances. The agreement which the plaintiffs had with them is almost identical with that in Deering v. Schreyer, 171 N. Y. 451, 64 N. E. 179, in which it was held that an agreement entered into by an owner of real property, upon which there were incumbrances which he was under no personal obligation to pay, to give an attorney 50 per cent. of such award as might be made as compensation for his services in condemnation proceedings, entitled the attorney to only 50 per cent. of the surplus above incumbrances, and not to 50 per cent. of the total award.

The respondents Lawrence and others, as executors, on the other hand, have no cause of action for the establishing of a lien to the extent of their claim on the award. This question was practically decided in Lawrence v. Grout, supra. Although the bond which Mrs. Sias held, and which constituted the claim against Mrs. Binninger at the time of her death, was originally accompanied by a mortgage, that mortgage did not cover the property which was taken in the condemnation proceedings. The claim, therefore, was neither legally nor equitably a lien on the award. The amount due on the bond was a bare indebtedness without security. It is only where the rights and interests of parties are incident to and dependent upon the land taken in condemnation proceedings that the award is deemed to partake of the

nature of realty and to take the place of the land itself. Utter v. Richmond, 112 N. Y. 610, 20 N. E. 554; Matter of City of Rochester, 110 N. Y. 159, 17 N. E. 740. Where no equitable consideration of such a character exists, an award is a mere claim, and is personal property only. Van Loan v. City of New York, 105 App. Div. 572, 94 N. Y. Supp. 221; Matter of Seventh Ave., 59 App. Div. 175, 177, 69 N. Y. Supp. 63.

The rights of a general creditor against the next of kin, legatees, heirs, or devisees of his debtor are defined by the Code, and the procedure against them is plainly prescribed and easily followed. Code Civ. Proc. §§ 1837–1860. Under the conditions therein set forth he can obtain judgment against them on his debt to the extent of the property which came to their hands. If the property is real estate, and still in the hands of the devisee or heir, it may be collected out of such real property; but if he has disposed of the property, or if the action is against the legatee or next of kin, to whom money has been paid or distributed, necessarily the judgment must be a personal one. The surplus of the award, after paying plaintiffs' lien, is personalty, and belongs to the children of Mrs. Binninger. The executors of Mrs. Sias can obtain, if they show the proper facts, a judgment against the devisees to the extent of the property of their mother which has come to their hands. When they do obtain such a judgment, they must collect it in the regular way as a personal claim. They did not see fit to enforce the lien which they had during the three years from the issuing of letters testamentary upon Mrs. Binninger's estate. The character of the real property was changed into personalty by the award, and there is no equitable consideration which authorizes the court to treat the award as realty.

Although on the argument of this appeal the respondents Lawrence and others practically conceded that the plaintiffs should be paid their 10 per cent. on the surplus, their attitude on the trial was to the contrary, and it was necessary for the plaintiffs to take this appeal to protect their rights. The appellant Smith also succeeded. We think, however, that there should be but one bill of costs against the respondents, to be divided between the two appellants.

The judgment must be reversed, and a new trial ordered, with one bill of costs to abide the event to the two appellants against the respondents Lawrence and others, as executors. All concur.