### LAWRENCE et al. v. GROUT et al.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

1. WILLS (§ 836*)—DEBTS OF DECEDENT—RECOVERY FROM DEVISEE.

A creditor of a testatrix who is unable to collect his debt by action against the executor may obtain a judgment against the devisees for the value of their interest in real estate devised to them and subsequently taken under the right of eminent domain.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2139, 2140, 2150–2155; Dec. Dig. § 836.*]

2. JUDGMENT (§ 252*)—ISSUES.

Under Code Civ. Proc. § 1207, authorizing the rendition of judgment for the relief embraced within the issues, a complaint in an action against devisees to enforce payment of the debts of testator, as authorized by Code Civ. Proc. § 1843, which prayed for the establishment of a lien on the proceeds of devised land, authorized the court to render judgment against the devisees for the value of the interests which they received by the devise, where the property had been taken after testator's death under the right of eminent domain.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by George H. Lawrence and others, as executors of Elizabeth H. Sias, deceased, against Edward M. Grout and others. From a judgment dismissing the complaint pursuant to a decision of the trial of the issues, plaintiffs appeal. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

See 112 App. Div. 241, 98 N. Y. Supp. 279, 114 App. Div. 903, 100 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and DOWLING, JJ.

Henry C. Henderson, for appellants.

Louis Wendel, Jr., for respondent Binninger.

LAUGHLIN, J. The defendants Regina, Ida, and Lillie Binninger were devisees of all of the real estate of their mother, Lizetta Binninger, who was indebted to the plaintiffs' testatrix on a bond for the sum of $1,500, which was secured by a mortgage. Lizetta Binninger died seised of two parcels of land, one of which was covered by the mortgage to secure the bond. There was a prior mortgage on this parcel which was foreclosed after her death, leaving no surplus applicable to the said indebtedness evidenced by the bond and mortgage held by the plaintiffs' testatrix. This action was brought pursuant to the provisions of section 1843 of the Code of Civil Procedure (now section 101 of the decedent estate law [Consol. Laws, c. 13]) to enforce the statutory liability of the devisees. Before bringing this action, the plaintiffs recovered a judgment against the executor of Lizetta Binninger, and were unable to collect the same. They did not institute a proceeding pursuant to the provisions of section 2750 of the Code of Civil Procedure for a sale of the real estate to pay the indebtedness, but, after the expiration of the period during which such a proceeding could be instituted, they commenced this action. The other parcel of real estate which was devised by Mrs. Binninger to her three children, the defendants, share and share alike, was subsequently to her death and prior to the commencement of this action acquired by the city by eminent domain proceedings, and the award therefor was made to the defendant George F. Binninger as general guardian of said three defendants, in the sum of $8,408.63, and thereafter the award to the extent of $6,387.01 was duly directed to be paid in satisfaction of two mortgages which were liens on the premises at the time the condemnation proceeding was instituted. The balance of the award had not been paid at the time this action was commenced. The comptroller of the city was made a party defendant, and judgment was demanded that the said indebtedness of Lizetta Binninger, deceased, to the testatrix of the plaintiffs, be decreed to be paid out of the award. On the 17th day of March, 1904, an order was duly made in this action authorizing the comptroller to deduct from the balance of the award the taxes and assessments together with interest and percentages thereon which had accrued against the premises, and to pay the balance of the award into court without prejudice to the rights of the parties to this action and without prejudice to the interest or lien of Wendel & Robeson, attorneys at law, for professional services in representing the devisees in the condemnation proceeding. Pursuant to that order, the comptroller deposited with the chamberlain to the credit of this action the balance of the award amounting to $2,285.54, which the court has found, and thereupon the action was discontinued as to him.

On the former appeal herein (112 App. Div. 241, 98 N. Y. Supp. 279), this court reversed a judgment in favor of the plaintiffs upon the ground that it was not satisfactorily shown that the assets of the estate were insufficient pay the debt, or that the plaintiffs had been, or would be, unable with due diligence to collect the claim by proceedings in the Surrogate's Court, or by an action against the executor, or legatees, or next of kin. This court, in writing for reversal, drew attention to the fact that the prayer for relief was that the claim be declared to be a lien on the award, and that it be paid therefrom and stated that this was not authorized in any event, for, where the devisees have aliened the land before the filing of a notice of pendency of the action, the plaintiff is then entitled to a judgment against them personally for its value (Code Civ. Proc. §. 1854), and, where they have not aliened it before the commencement of the action, the judgment, but not the claim, becomes a lien upon the land, and must direct that the debt, or the proportion thereof which the plaintiff is entitled to recover against the devisees, be collected out of such real property (Code Civ. Proc. § 1852). On the new trial it was satisfactorily shown that everything requisite to the enforcement of the liability against the devisees has been complied with.

It appears that the firm of Wendel & Robeson brought an action against the plaintiffs and the defendants herein, other than the comptroller, and others to establish a lien on the award for their services in representing the devisees and in obtaining it. The plaintiffs in this action, as defendants in that action, pleaded substantially the same facts as are set up here and demanded the same relief, and the trial resulted in a judgment decreeing that they had a lien on the award superior to that of the attorneys who represented the devisees in the condemnation proceeding. That judgment was reversed on appeal (Wendel v. Binninger, 132 App. Div. 785, 117 N. Y. Supp. 616), and this court held that the plaintiffs herein had no lien upon the award, but that the attorneys had a lien thereon to the extent of 10 per cent. of the amount paid into court. The effect of that decision is that, as to these plaintiffs, the award which had been made before the action was commenced became personal property in effect the same as if the devisees had aliened the land. In each of the appeals to which reference has been made, however, this court expressed the view that the plaintiffs would be entitled to a personal judgment against the devisees for the value of the interest in the real estate that was devised to them. Evidently counsel for the plaintiffs was of opinion that that question was still open, and he persisted in his view that his clients were entitled to have their claim decreed to be a lien upon and payable out of the award. The learned court properly denied such relief, but on the uncontroverted facts the plaintiffs were entitled to a judgment against the devisees for the value of the interest in the real estate which they received by the devise. It has been held that, where the prayer in such action is for a personal judgment and the defendant has answered, the plaintiff may have judgment enforceable only against the land (Wood v. Wood, 26 Barb. 356), and by virtue of the provisions of section 1207 of the Code of Civil Procedure the plaintiffs here were, we think, entitled to a judgment en-

forceable against the devisees personally, for that relief may fairly be said to be consistent with the case and embraced within the issues in such an action, even though not expressly demanded. There is no specific finding as to the value of the interest in the land devised, but that part of the award which was paid into court to the credit of this action may be regarded as the value of such interest. However, since it appears that it is subject to the lien of the attorneys, which by the other record was shown to be 10 per cent., it would seem inequitable to hold the devisees for more than the amount which they actually receive as the net proceeds of the land. If they had not aliened the land, the action would necessarily have been in equity. Rogers v. Patterson, 79 Hun, 483, 29 N. Y. Supp. 963, affirmed, 150 N. Y. 560, 44 N. E. 1128; Avery v. Avery, 119 App. Div. 698, 104 N. Y. Supp. 290; Wood v. Wood, supra. If it be not equitable, now that plaintiffs are only entitled to a money judgment, which is by no means clear under the authorities cited, the fact that the devisees have involuntarily aliened the land should not deprive them of equitable considerations which they would be entitled to receive had not the city taken the land in invitum, and had they still retained title. Were it not for the claim of said attorneys, there would be no necessity for a new trial; and the proper judgment could be directed by this court, since the other material facts are established by record proof, and show that the plaintiffs are entitled to a sum equal to one third of the amount of the fund paid into court, with accumulations thereon, if any, less the amount, if any, to which the said attorneys are entitled under their said lien, if that amount be necessary to satisfy the plaintiffs' claim, and, if not, then to such extent as may be necessary to satisfy it.

We are of opinion therefore, that the judgment should be reversed and a new trial granted, but without costs, for the reason that the proper relief was not specifically requested.

McLAUGHLIN, CLARKE, and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). The plaintiffs brought this action not to obtain a money judgment against the defendant to which they would have been entitled under section 1837 of the Code of Civil Procedure, but to impress a lien upon a fund which was the proceeds of real estate, the title to which had been acquired by the city of New York.

We held on a former appeal that the plaintiffs had no lien upon this fund, and were not entitled to a judgment establishing such a lien. 112 App. Div. 241, 98 N. Y. Supp. 279; Wendel v. Binninger, 132 App. Div. 785, 117 N. Y. Supp. 616. Upon the trial the plaintiffs did not ask for a personal judgment, but, notwithstanding the former decisions of this court, insisted upon a judgment establishing a specific lien in their favor upon this fund. The request to find for the plaintiffs specifically requested such a judgment, and asked for no personal judgment, and did not ask, if the plaintiffs were entitled to no equitable relief, that the action should be continued so as to allow a recovery of a personal judgment against the individual defendants.

Under these circumstances, I think the court was justified in dismissing the complaint, leaving the plaintiffs to commence an action to recover from the individual defendants any sum of money that they had received from the estate of the judgment debtor.