JENNIE S. BUCKLEY et al., Plaintiffs, *v.* ABRAHAM BEAVER et al., Defendants.

(Supreme Court, New York Special Term, April, 1917.)

Pleading — complaint — in action to foreclose mortgage — judgments — parties — deficiency — mortgages — when demurrer sustained.

> The interest of an heir at law of a deceased mortgagor in the mortgaged property is subject to be wiped out by a judgment in foreclosure and, in case of a deficiency, judgment may be entered against the administratrix of the deceased mortgagor, she having been made a party to the foreclosure action, and collected out of property coming into her hands in due course of administration.

> Where the complaint in an action to foreclose the mortgage sought to obtain judgment for deficiency individually against the widow and next of kin of the deceased mortgagor, who was personally liable for the mortgage debt, a demurrer by one of the heirs at law of the deceased mortgagor will be sustained.

DEMURRER to complaint.

Bernard J. Tremmer for plaintiffs.

Max Monfreid, for defendants.

Greenbaum, J. This is a demurrer by one of the heirs at law of one Harris Beaver to a complaint to foreclose a mortgage covering certain real property in which it is sought to obtain judgment for deficiency individually, against the widow and next of kin of said Harris Beaver, who was personally liable for the mortgage debt. The allegations of the complaint are insufficient to warrant a judgment of deficiency against the demurring defendant. The deficiency is only properly recoverable in this action against the personal representatives of the decedent, Harris Beaver, and can be collected from the administratrix of his estate, who has been made a party to this action, out of the property coming into her hands in due course of administration. *Glacius* v. *Fogel*, 88 N. Y. 434. The learned counsel for the plaintiff seems to misapprehend the effect of the provisions of the Code of Civil Procedure, upon which he relies. Section 1627 provides for the recovery of a deficiency judgment against one who is liable for the payment of a mortgage debt. Section 1628 merely forbids the maintenance of any action to recover any part of a mortgage debt without leave of the court: "While an action to foreclose * * * is pending or after final judgment." In section 101 of the Decedent Estate Law (formerly sec. 1843, Code Civ. Pro.), an heir at law of the mortgagor is liable for the debt of the decedent mortgagor to the extent of his interest in the real property that descended to him from the mortgagor. It thus follows that the premises covered by the mortgage are primarily liable for the payment of the mortgage debt.

*Olmstead* v. *Latimer,* 158 N. Y. 313, 317. From the foregoing it necessarily follows that the interest of the heir at law in the premises in question is subject to be wiped out upon the foreclosure judgment that may be entered hereon, and if there be a deficiency upon the sale a judgment may be entered against the legal representatives of the decedent mortgagor. Should the plaintiffs be unable to collect the judgment against the estate they may, if the facts warrant, pursue the remedies provided in such cases. *Lawrence* v. *Binninger,* 112 App. Div. 241. The demurrer should be sustained and judgment granted in favor of the demurring defendant.

Demurrer sustained.