Slater, S.
William Henry Sarles and Mary Ella Sarles acquired title to certain property in the county of Westchester in 1901 by virtue of a deed from a *573 referee in a partition action. It has been decided that they acquired said property by purchase. Nelson v. Nelson, 108 Misc. Rep. 705.
By virtue of chapter 724 of the Laws of 1905, the city of New York was empowered to condemn real estate in Westchester county for aqueduct purposes. In or about 1908 they acquired, by condemnation proceedings, title to a strip of land through the farm of said William Henry and Mary Ella Sarles. Title vested in the city of New York about 1908 upon the filing of the oath of the commissioners of appraisal. Neither owner appeared in the proceeding. An award of $10,000 was made. The award was confirmed October 8,1910, and was made to the “ Estates of John and Brady Sarles.” The award was deposited in the Poughkeepsie Trust Company for the “ Estates of John and Brady Sarles.” It appears that John and Brady Sarles had been prior owners of said property.
William Henry Sarles died intestate February 26, 1919, and Mary Ella Sarles died intestate March 1, 1919. The administrator of William Henry Sarles thereafter made application to the Poughkeepsie Trust Company to secure one-half of said award, upon notice to the heirs at law. An order was made in the Supreme Court directing payment to him of one-half of said award. This proceeding is not binding upon this court in the instant case.
Upon this accounting, William Henry Nelson claims one-half of said award as the only first cousin and next of kin. The heirs at law appear and contend that the award made in the condemnation proceeding still retains its character as land and should pass to the heirs at law.
It is claimed by the heirs'at law that neither William Henry Sarles nor Mary Ella Sarles ever made application for the money or ever, by any act of theirs, *574 indicated that they accepted the award as personalty and that, unless some claim was made upon their part or step taken by them to indicate their wish to treat the award as money, it always retained its character as real estate.
The Condemnation Act, chapter 724 of the Laws of 1905, section 18, states when moneys awarded as compensation should be paid to a trust company. The owners, at the time of the taking of the oath of the commissioners, did not fall within any of these requirements. William Henry and Mary Ella Sarles were over age, of sound mind, residents of the county of Westchester, owners by deed of the property, upon diligent inquiry could be found, and there were no adverse or conflicting claims as to the moneys. Why the money was deposited in a trust company to the credit of a prior owner, or to unknown owners, I do not understand. Section 18, I think, solves the question, in stating that the moneys deposited in a trust company as directed by the court in the order of confirmation shall be payments “ as valid and effectual, in all respects as if made to the said owner or owners, person or persons interested therein respectively, themselves, according to their just rights.”
It evidently was the intent of the lawmakers to pay money for land taken, and the award in this case was personalty, whether paid directly to the owner, or paid into a trust company upon this very irregular and erroneous finding of commissioners of appraisal.'
Section 2359 of the Code of Civil' Procedure provides that, upon the sale of the real estate of an infant or incompetent person, the proceeds are deemed property of the same nature as the estate or interest sold until the infant arrives at full age or the incompetency is removed. Matter of McMillan, 126 App. Div. 155; Matter of McKay, 37 Misc. Rep. 590. This section *575 lays down the legislative policy in such cases for infants and incompetents. The case of Matter of Field, 182 App. Div. 229, cited by counsel for the heirs, is not in point. The cases, however, which hold that an award for property condemned is personal property, are cases wherein the persons entitled to the award have made some effort to obtain it and have considered it personalty.
In the instant case, William Henry garles and Mary Ella Sarles never did acquiesce in the condemnation proceeding in any wise, and never made an attempt in their lifetime to secure the money from the trust company. Must William Henry and Mary Ella garles have performed some act to show an election to treat the award as money, before a conversion took place! I think not. United States v. Baker, 183 Fed. Repr. 280. The text-book writers, however, as a general proposition hold otherwise. From the trend of the decisions in this state, I believe the higher courts will hold that, when real estate is taken by legal authority in condemnation proceedings, the awards will be treated as personalty, even when the owners stand mute, if the owners are competent and of full age. In any event, I am content to so decide the instant case as the law of the state.
In Ametrano v. Downs, 170 N. Y. 388, the court said: “ It is settled by a number of authorities that if the sale be made by execution or judicial decree in the lifetime of the intestate the proceeds are personalty and go to the next of kin, while if made after his death they are real estate and go to the heirs at law, except where the property belongs to an infant or to an incompetent person, in which case the proceeds retain their original character of realty. ’ ’ This case is analogous to the instant case in that the sale was *576 a forced one under authority of law. Graham v. Dickinson, 3 Barb. Ch. 169, 184.
In Matter of Lyle, 41 Misc. Rep. 596, it was held by the surrogate of Kings county, where damages were awarded prior to a testatrix’s death, whether money is actually paid or not, that instantly the order is entered it becomes a judgment in favor of the person named therein.
In Van Loan v. City of New York, 105 App. Div. 572, the court said: “ That an award made for lands taken under proceedings in eminent domain is personal property is true. It is compensation for the land and if the right to compensation accrues to a decedent in his lifetime, it passes to his administrators or executors ; but if it accrues after his death, the right to it is in his heirs or devisees.” Citing cases.
In Wendel v. Binninger, 132 App. Div. 785, the court said: “ The character of the real property was changed into personalty by the award and there is no equitable consideration which authorizes the court to treat the award as realty.”
The Wendel case and others are referred to in the more recent case of New York Central & H. R. R. R. Co. v. Cottle, 102 Misc. Rep. 30; affd., 187 App. Div. 131.
It is true that some of these cases are not in point, but I do not believe that a competent owner of land is placed in the same category with the infant and incompetent under our laws and must perform some act to •indicate a desire to take the money in place of the land condemned. In any event, as stated heretofore, the legislature directed that the moneys paid in exchange for the land, even if deposited with a trust company, should be a proper payment of moneys to the owner. This must he given weight.
I am of the opinion that, under the Condemnation Law, chapter 724 of the Laws of 1905, any element of *577 assent or election was taken away from William Henry and Mary Ella Sarles. That the moneys deposited in the trust company either to their credit, or to the credit of unknown owners, or to the credit of prior owners, was personalty and was intended to be a payment by the city of New York of moneys to William Henry and Mary Ella Sarles as the real owners, and was “ as valid and effectual as if made to them personally.”
One-half of this award, now in the hands of the administrator in this judicial accounting, shall be distributed to the next of kin.
Decreed accordingly.